**RYAN–WALSH STEVEDORING CO.**

v.

**Cliven CORMIER, et al.**

Civ. A. Nos. 87–3245, 87–4069 and 87–4070.

United States District Court, E.D. Louisiana.

Dec. 16, 1987.

David E. Walker, Alvin J. Bordelon, June Y. Bass, Walker, Bordelon, Hamlin & Theriot, William F. Banta, Sharon S. Hearn, Keith D. Frazier, Charles H. Hollis, Kullman, Inman, Bee & Downing, New Orleans, La., for plaintiff.

Louis L. Robein, Jr., Gardner, Robein & Healey, Metairie, La., for Cormier, Young and Dennies.

Andrew T. Martinez, Terriberry, Carroll & Yancey, New Orleans, La., for Cormier, McCleland, Webster, Mendoza, Dennies,

Young, N.O. Steamship Assn., Int'l Longshoremen's Assoc. AFL–CIO Pension.

David H. Seelig, Seelig, Cosse, Frischhertz & Pouilliard, New Orleans, La., for Webster.

Melanie A. Leavitt, Washofsky, Angelico & Credo, New Orleans, La., for McCleland & Mendoza.

William J. Oberhelman, Jr., New Orleans, La., for Giallanza, Vogt, Walters, Miller, Burns and Dolese.

## ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

These consolidated matters came before the Court for hearing on motions to dismiss filed by defendants. For purposes of these motions, the Court has accepted as true the allegations of the complaints herein, which will be summarized below. The complaints have arisen from votes by certain trustees of a Pension and Benefits Trust to refuse contributions to the Trust in question, which contributions are required by the terms of the plaintiffs' collective bargaining agreement. In some instances, the trustees concerned were directly involved in negotiating these same collective bargaining agreements.

Plaintiffs Ryan–Walsh and Cooper brought these suits under the Court's federal question jurisdiction, 28 U.S.C. § 1331; under 29 U.S.C. § 185, which provides for suits by and against labor organizations; and under 29 U.S.C. § 186(e),[1] which provides jurisdiction to enjoin violations of labor law regarding pension fund payments. Jurisdiction is also asserted under ERISA generally. *See* 29 U.S.C.A. §§ 1001–1461.

Both plaintiffs claim they are signatories to and settlors of a Declaration of Trust, as amended. Both plaintiffs are obligated under the provisions of certain collective bargaining agreements to make contributions to the Trust for payment of benefits at certain rates specified in the collective bargaining agreements. In both contracts, negotiated rates differ with respect to certain employees and other union members. Both plaintiffs allege they tendered contributions to the Trust in satisfaction of their obligations under the collective bargaining agreements currently in effect between them and their employees. However, on April 9, 1987, John McHugh, director of the Fund, sent a letter to each plaintiff stating that the trustees had reviewed the applicable collective bargaining agreement and found the agreement set forth:

a rate of contribution to the Fund that was lower and thereby different from those found in "standard" collective bargaining agreements currently in effect between other participating employers and their I.L.A. unions....

The trustees therefore "rejected the agreement" and denied the employers participation in the fringe benefit plans provided by the Trust. See Complaints, ¶ 16. The Fund trustees then returned all contributions made by Ryan–Walsh and Cooper to date, and the Fund continues to reject other proffered contributions.

Both plaintiffs allege that the defendant trustees have thereby exceeded their authority and breached the contractual duties placed upon them by the declaration of trust. Plaintiffs allege that the trustees have breached their fiduciary obligations owed under section 404 of ERISA,[2] that

1. 29 U.S.C. § 186(e) states in pertinent part:
   (e) The district courts of the United States ... shall have jurisdiction, for good cause shown, and subject to the provisions of section 381 of Title 28 (relating to notice to opposite party) to restrain violations of this section, without regard to the provisions of section 17 of Title 15 [providing antitrust laws not applicable to labor organizations] and section 52 of this title, and the provisions of chapter 6 of this title.

2. Section 404 of ERISA, 29 U.S.C. § 1104, provides in pertinent part as follows:

§ 1104. Fiduciary duties
(a) Prudent man standard of care
(1) Subject to [various sections of this title], a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
(A) for the exclusive purpose of:
(i) providing benefits to participants and their beneficiaries; and
(ii) defraying reasonable expenses of administering the plan;
(B) with the care, skill, prudence, and diligence under the circumstances then prevail-

their actions violate section 406 of ERISA[3] and that their continued refusal to accept the contributions is an intentional interference with their employees' rights under their plans in violation of section 510 of ERISA.[4]

Plaintiffs further allege that the defendant labor trustees are violating the Labor–Management Relations Act (LMRA) because they are wearing several inconsistent hats: On the one hand, the trustees have acted as labor's representatives in the negotiation of the collective bargaining agreements; then, as trustees appointed by labor, they are rejecting the very contributions provided by the collective bargaining agreements; and thirdly, they are acting in a manner inconsistent with their duties as trustees to protect the interests of the participants and beneficiaries in the plan.

Movants contend this Court lacks jurisdiction because the plaintiff employers are not expressly named by ERISA as persons entitled to bring suit under ERISA. Movants also contend that this Court has no jurisdiction to examine the plan's administration by the trustees and that any claims made with reference to the Louisiana Trust Code are pre-empted by ERISA.

The motions to dismiss are denied. Jurisprudence provides two avenues of support for this Court's jurisdiction: (1) Affording the employers a cause of action under federal common law and (2) including employers within the class of persons entitled to sue under ERISA.[5] Thus, Ryan and Cooper have amply stated claims against all defendants under federal common law borrowed from, inter alia, the Louisiana Trust Code or any other state law source not inconsistent with ERISA and federal law. Further, the employers may sue under ERISA as supplemented by federal jurisprudence.

In this Court's opinion, the better approach was taken by the Sixth Circuit in *Whitworth Bros. Storage Co. v. Central States, Southeast & Southwest Areas Pension Fund,* 794 F.2d 221 (6th Cir.) *cert. denied,* —— U.S. ——, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986), wherein the Sixth Circuit reversed the trial court's dismissal of an employer's complaint for restitution of contributions erroneously made for lack of subject matter jurisdiction or failure to state a claim. The Sixth Circuit held that on the face of the statute the employer, Whitworth, could not premise jurisdiction on section 502(e) of ERISA, 29 U.S.C. § 1132(e). *Id.* at 224–25. The Court also refused to imply right of action pursuant to section 403 of ERISA, which provides that in the case of a contribution made by mistake of fact or law,[6] return of the contribution is not prohibited by ERISA. *Id.* at 228–33. However, the Sixth Circuit held

---

ing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; ....

3. Section 406 of ERISA, 29 U.S.C. § 1106, provides:

§ 1106. Prohibited transactions
(b) Transactions between plan and fiduciary
A fiduciary with respect to a plan shall not—
....
(2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries....

4. Section 510 of ERISA, 29 U.S.C. § 1140, provides:

§ 1140. Interference with protected rights
It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under [federal law] or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.... The provisions of section 1132 [civil enforcement] shall be applicable in the enforcement of this section.

5. The Court does not reach the question whether plaintiffs have a cause of action under the LMRA for breach of the collective bargaining agreements when they are not signatories to the agreement, because all defendants are properly before the Court under federal common law and/or ERISA. As to those trustees who are signatory to the collective bargaining agreement, the Court questions, but does not decide, whether the LMRA claims must be sent to arbitration.

6. *See* 29 U.S.C.A. § 1103(c)(2)(A)(ii).

that it had jurisdiction of the case under 28 U.S.C. § 1331 because Whitworth had a contract claim for restitution governed by federal common law. *Id.* at 233–36. The Court stated, "Because ERISA's preemption provision and legislative history mandate application of federal law to Whitworth's contract, Whitworth's claims arise under federal law pursuant to 28 U.S.C. § 1331." *Id.* at 233. The Court analogized ERISA preemption to that in LMRA cases, stating that because the federal cause of action completely preempts a state cause of action, any complaint coming within the scope of the federal cause of action necessarily arises under federal law.

This approach is consistent with Fifth Circuit authority expressly referring to federal common law in the ERISA context. *See Denton v. First Nat'l Bank of Waco, Texas,* 765 F.2d 1295, 1300–01 & n. 9, *rehearing denied,* 772 F.2d 904 (5th Cir.1985) (Court applying common law exhaustion of remedies doctrine to ERISA suit, consistent with Ninth Circuit authority).

Reference to an amalgam of ERISA and "the common law of trusts" is also suggested by the Supreme Court's decision in *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1987), wherein the Court held an employer was required to submit to an audit requested by trustees of an plan governed by ERISA. The plan's trust agreement expressly provided for an audit but ERISA does not. Emphasizing the protections ERISA assures to beneficiaries, 105 S.Ct. at 2839–40, the Supreme Court proceeded to define the rights of the trustees with citation to Scott, *Law of Trusts* and G. Bogert and G. Bogert, *Law of Trusts and Trustees,* stating:

> In general, trustees' responsibilities and powers under ERISA reflect Congress' policy of "assuring the equitable character" of the plans. Thus, rather than explicitly enumerating *all* of the powers and duties of trustees and other fiduciaries, Congress invoked the common law of

trusts to define the general scope of their authority and responsibility.

*Id.* 105 S.Ct. at 2840. Although the Supreme Court did not expressly indicate it was applying "federal common law," this Court interprets the opinion as so holding.

The Ryan–Walsh/Cooper cases are distinguishable from the *Central States* case in that the latter was instituted by the pension fund, whereas these cases were instituted by settlors/signatories. However, the inquiry under *Central States* is dependent on whether recognizing a common (or civil) law right to sue the trustees or the trust would further the goals of ERISA. Since such is the case here, the Ryan–Walsh/Cooper suits should go forward.

Interpretation and supplementation of ERISA as a matter of federal common law is consistent with the resolution of labor disputes under the LMRA. As explained by the Supreme Court:

> In *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), the Court ruled that § 301 [of the LMRA] expresses a federal policy that the substantive law to apply in § 301 cases "is federal law, which the courts must fashion from the policy of our national labor laws." *Id.* at 456, 77 S.Ct. at 918. That seminal case understood § 301 as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts.

*Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985) (Court reserving issue whether suit predicated on state tort law also preempted by federal laws governing benefit plans).

A cause or right of action deemed to arise under federal common law is distinguishable from a cause of action created by state law. For example, in *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983),[7] the

---

7. The Supreme Court there held that a suit by a State against a welfare benefit trust seeking to

collect taxes was not removable to federal court on the question whether ERISA preempted the

Court emphasized that a case arising under state law may not be removed to federal court on the basis of a federal preemption defense. Contrary to movants' assertions, the *Franchise Tax Bd.* case does not require dismissal of the complaints here, which may be said to arise under federal common law, ERISA, the LMRA or all three.

Taking a different approach, the Ninth Circuit has explicitly held in a much criticized opinion [8] that an employer has standing to sue under ERISA. *See Fentron Industries, Inc. v. Nat'l Shopmen Pension Fund,* 674 F.2d 1300, 1304–05 (9th Cir. 1982). *But cf. Franchise Tax Bd. v. Construction Laborers Vacation Trust, supra,* 463 U.S. at 27–28, 103 S.Ct. at 2855 (Because the State is not enumerated under section 502, it may not sue under ERISA). In *Fentron,* the Court held within ERISA's zone of protected interests an employer's injuries due to alleged disruption of employer-employee relations posed by the trustees' actions in cancelling certain "past service credits" of all Fentron employees. The Ninth Circuit explicitly stated:

> [W]e do not believe that Congress, in enacting ERISA, intended to prohibit employers from suing to enforce its provisions. The omission of employers from 29 U.S.C. § 1132 is not significant in this regard. There is nothing in the legislative history to suggest either that the list of parties empowered to sue under this section is exclusive or that Congress intentionally omitted employers.

674 F.2d at 1305.

*Jackson v. Sears Roebuck & Co.,* 648 F.2d 225, 227 (5th Cir.1981), does not contradict this holding. The Court there considered whether a particular plaintiff was a participant in a plan within the meaning of ERISA where the pension plan in question did not cover plaintiff's class of employees.

The Court stated, "Under the act, only a 'participant' or a 'beneficiary' or a 'fiduciary' of an employee benefit plan may bring a private civil action." *Id.* at 227 (*citing* 29 U.S.C. § 1132.) However, this comment was made within the context of the discussion as to whether a particular individual was a plan participant within the meaning of ERISA and can be fairly interpreted as inconclusive on the question whether an employer has a standing under ERISA.

No case was found suggesting whether the term "beneficiary" as used in ERISA includes the common law concept of "third party beneficiary." This Court acknowledges ERISA's definition of the term "beneficiary." *See* 29 U.S.C.A. § 1002. However, construing employers as third party beneficiaries of a Plan necessary for their employees' welfare is especially appropriate in these particular cases, where the technical beneficiaries, namely the employees or their designees, risk losing their benefits and medical insurance because of this disagreement among Fund trustees, the union and employers. This Court takes most seriously ERISA's goal of protecting plan beneficiaries. Permitting the Fund trustees to thwart a resolution of this dispute by dismissing these complaints runs wholly contrary to ERISA's policies and purposes.

There is no evidence in the record at this time as to whether those individuals directly involved in negotiating the Ryan and Cooper collective bargaining agreements knew or should have known these collective bargaining agreements would cause problems with the Trust and cause the Trustees to reject proferred contributions. This question is reserved for further proceedings and any reviewing authorities. But regardless of the parties' knowledge and intent, this Court will not permit this dis-

---

state's taxation powers as to trust funds. Among the bases for the Court's ruling was its perception that the State's right to enforce its tax levies is not of central concern to the federal government. *Id.* 463 U.S. at 26–27, 103 S.Ct. at 2855.

**8.** *See, e.g., Pressroom Unions–Printers League Income Secur. Fund v. Continental Assur. Co.,* 700

F.2d 889 (2d Cir.1983), *cert. dismd.;* 463 U.S. 1233, 104 S.Ct. 26, 77 L.Ed.2d 1449, *cert. denied;* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983); *Tuvia Convalescent Center, Inc. v. Nat'l Union of Hospital & Health Care Employees,* 717 F.2d 726 (2d Cir.1983); *New Jersey State AFL–CIO v. New Jersey,* 747 F.2d 891 (3d Cir.1984).

agreement to undermine the security of the many employees dependent upon their employers' participation in the Trust. By no stretch of the imagination do the power plays among the parties herein appear in good light.[9]

For the foregoing reasons, the Court concludes there are ample bases for subject matter jurisdiction in this case and for affording the plaintiffs a right of action against the defendants herein. The motions to dismiss are accordingly DENIED.[10]

---

9. The Court does not find it necessary to address the viability of any state law claims applicable under this Court's pendent jurisdiction. *See Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 746, 105 S.Ct. 2380, 2393, 85 L.Ed. 2d 728 (1985) (state law claims deemed to survive ERISA's preemption provisions); *Pilot Life Ins. Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987) (alleged improper processing of claims to ERISA—regulated plans is governed exclusively by § 502(a); state law not applicable where in conflict with a substantive provision of ERISA).

10. This Court at one time considered joining as indispensable parties the class of individual plan participants and beneficiaries. However, the Court perceives the numerosity of this class would only hinder prompt resolution of this dispute and that joinder is not necessary in any event because of the Court's conclusions stated above.