STIBITZ, Donald A., New Freedom Lumber Co., Inc., Richard K. Baade and Shirley A. Baade, his wife, Albert C. George and M. Isabel George, his wife, Victor Hebel, P.G. Engineering, Chanceford Manor Village Sewage Co., Inc., Chanceford Manor Village Water Co., Inc., Dorothy S. Hostetter, L. Richard Harner and Linda Harner, his wife, James Barron and Diane Barron, his wife, Margaret Mary Jonas, Cumberland Woodcraft Company, Inc., Pocono Business Furniture, Inc., Forget-Me-Not, Inc., Larry Welker Ford, Inc., Dr. Maxine C. Bush, Rev. Alva Tompkins, Musette Duggan, Wels I. Zimmerman, Harry Wallach, Mary W. Hutchinson, Stephen M. Young, FMG Investments, Inc., Gettysburg Tours, Inc., Heritage Inns, Inc., L.E. Smith Wholesale Distributors, Inc., Individually and on behalf of all others similarly situated, Appellants,

v.

GENERAL PUBLIC UTILITIES CORP., Metropolitan Edison Co., Jersey Central Power and Light Co., Pennsylvania Electric Co., Babcock & Wilcox Co., J. Ray McDermott & Co., Catalytic, Inc., and Burns & Roe, Inc., Appellees.

No. 83–3455.

United States Court of Appeals, Third Circuit.

Argued June 14, 1984.

Decided Oct. 24, 1984.

Rehearing and Rehearing In Banc Denied Nov. 19, 1984.

---

Allan Kanner, Philadelphia, Pa., Lee C. Swartz (argued), Hepford, Swartz, Menaker & Morgan, Harrisburg, Pa., Raymond L. Hovis, Stock & Leader, York, Pa., Richard A. Jameson, Camp Hill, Pa., Mark P. Widoff (argued), Widoff, Reager, Selkowitz & Adler, P.C., Harrisburg, Pa., for appellants.

John G. Harkins, Jr. (argued), Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellees.

Before SEITZ, Circuit Judge, STEWART, Associate Justice (Retired),* and ADAMS, Circuit Judge.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from an order of the district court granting defendants' motion for summary judgment and entering judg-

---

* Hon. Potter Stewart, Associate Justice (retired) of the Supreme Court of the United States, sitting by designation.

ment against plaintiffs. Appellate jurisdiction exits pursuant to 28 U.S.C. § 1291.

## I.

On March 28, 1979, there was a nuclear accident at the Three Mile Island Power facility ("TMI") near Harrisburg. Reactor units I and II were shut down as a result of that incident. Subsequently, the Pennsylvania and New Jersey Public Utilities Commissions approved increased utility rates to cover the cost of repairing the TMI facility and replacing from other sources the lost power capacity.

Thirty-five individuals and businesses, all purchasers of electricity at the increased rates, filed a class action suit on behalf of themselves and all other similarly situated businesses and professional entities located more than 25 miles from TMI.[1] Plaintiffs seek compensatory and exemplary damages under contract and tort law for economic harm resulting from the increased utility rates, which pass part of the cost of the TMI accident on to plaintiffs. The defendants include utilities and other companies that were involved in the design, construction, maintenance, quality assurance, and start-up testing of TMI.

Plaintiffs allege that defendants acted negligently, recklessly, and in violation of standards of care for ultra-hazardous activities. In addition, plaintiffs allege that there were defects in the design, manufacture, construction, and installation of the nuclear reactor.

To the extent apposite, the district court presumably relied upon its prior opinion, *In re Three Mile Island Litigation*, 87 F.R.D. 433 (M.D.Pa.1980), in assuming subject matter jurisdiction. This court raised *sua sponte* the issue of whether that exercise of jurisdiction was proper, and gave counsel the opportunity to respond at oral argument. It is to this issue that we now turn.

## II.

None of the parties questioned federal subject matter jurisdiction. Indeed, they all argue affirmatively that there is jurisdiction. Counsel rely on the "arising under" language in 28 U.S.C. §§ 1331 and 1337, contending that plaintiffs' state-created causes of action "arose under" the Price Anderson Act. That Act, *inter alia*, provides for a system of indemnification and limited liability, under certain circumstances, in the event of a nuclear incident. It also requires defendants to waive certain defenses they might otherwise have under state law.

Counsel explained at oral argument[2] that the Congressional mechanism for compensation under the Price-Anderson Act would necessarily be implicated in this litigation. The scope of the Act would then have to be determined and its terms construed. In particular, counsel argued that this case could turn on the meaning of statutory terms such as "public liability" and "nuclear incident." Counsel concluded, therefore, that the great federal interest in the proper application and construction of the Price-Anderson Act provides a basis for federal subject matter jurisdiction under §§ 1331 & 1337.

■ It is true that "there may be some room for finding federal jurisdiction though both the right and the remedy are state-created, if an important question of federal law is an essential element in the case." Wright, Federal Courts 96 (1983) (footnote omitted); *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir.1974). This is only true, however, if the "well-pleaded complaint rule" is satisfied. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California, et al.*, 463 U.S. 1, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983).

---

**1.** The defendants explain that all damage claims of individuals, businesses, and non-profit organizations within a 25 mile radius of TMI, excluding personal injury claims and claims in favor of governmental entities, were settled and dismissed with prejudice. *In re Three Mile Island*

*Litigation,* No. 79–0432 (M.D.Pa. September 9, 1981).

**2.** Counsel for defendants spoke for all parties on this issue.

This rule provides that a claim is jurisdictional under the statutory "arising under" language only if "[a] right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Id.* at 2847 (quoting *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)).

■ Counsel's reliance on the interplay between the Price-Anderson Act and the state law claims in this case must fail as a basis for "arising under" jurisdiction, since none of the Price-Anderson elements are essential to *plaintiffs'* case under state tort and contract law. Whether defendants' liability will be limited or indemnified under the Price-Anderson Act, or whether defendants will be required to waive certain defenses they might otherwise have under state law, has no bearing on the matter of federal jurisdiction. Although such issues may well arise in the course of the litigation, "they do not show that the suit, that is, the plaintiff[s'] original cause of action, arises under" the laws of the United States. *Id.* at 2847 (quoting *Louisville & Nashville Railroad Company v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908)). Rather, under the "well-pleaded complaint rule," they form no basis for federal jurisdiction.

We hold, therefore, that the plaintiffs' state law claims do not arise under the Price-Anderson Act. To the extent that our holding is inconsistent with *In re Three Mile Island Litigation, supra,* this opinion must, of course, control.[3]

### III.

The parties explicitly rely only on the federal elements of their state-created causes of action for jurisdiction, as analyzed above. Still, plaintiffs do assert that

federal common law fills "the interstices of the federal framework ... in ... the Price-Anderson Act (42 U.S.C. § 2210, et seq. 1954)," and they allege injury under federal common law causes of action. We will, therefore, consider whether these allegations provide a basis for federal subject matter jurisdiction.

■ Initially, we observe that the terms of the Price-Anderson Act do not create federal common law causes of action. In addition, the legislative history unwaiveringly belies any contention that Congress intended to do so. The Joint Committee Report on the original Price-Anderson Act explains, as a basic principle underlying the Act, that:

> Since the rights of third parties who are injured are established by State law, there is no interference with the State law until there is a likelihood that the damages exceed the amount of financial responsibility required together with the amount of indemnity. At that point the Federal interference is limited to the prohibition of making payments through the State courts and to prorating the proceeds available.

S.Rep. No. 296, 85th Cong., 1st Sess. 9, *reprinted in* 1957 U.S.Code Cong. & Admin.News 1803, 1810.

The Joint Committee Report on the 1966 amendments to the Price-Anderson reaffirmed what prior legislative history had made abundantly clear. "Since its enactment by Congress in 1957 one of the cardinal attributes of the Price-Anderson Act has been its minimal interference with State law. Under the Price-Anderson system, the claimant's right to recover ... is left to the tort law of the various States...." S.Rep. No. 1605, 89th Cong., 2d Sess. 6, *reprinted in* 1966 U.S.Code Cong. & Admin.News 3201, 3206.

---

**3.** Plaintiffs' consolidated complaint in *In re Three Mile Island Litigation* alleged an "extraordinary nuclear occurrence," and that complaint was filed before the Nuclear Regulatory Commission ("N.R.C.") conclusively determined that the TMI accident was not an extraordinary nuclear occurrence. *See* 87 F.R.D. at 434, 437 n. 8. This factor was considered by the *Three Mile*

*Island* court in its "arising under" analysis. *Id.* at 435–38. Since the complaint in this litigation was filed well after the N.R.C.'s determination was made, we have no occasion to consider whether a non-frivolous allegation of an extraordinary nuclear occurrence is a proper basis for "arising under" jurisdiction. *Cf. infra* note 4.

Moreover, Congress considered adopting a new body of Federal tort law in 1966 and it specifically rejected that option, preferring to achieve certainty and uniformity by requiring the nuclear industry to waive certain key defenses to liability which might otherwise be available under state law. The Joint Committee did not "believe it [was] necessary to go to the length of enacting substantive law—that is, a new body of Federal tort law—to achieve [its] ends." S.Rep. No. 1605, 89th Cong., 2d Sess. 9, *reprinted in* 1966 U.S.Code & Admin.News 3201, 3209. Rather, Congress took the waiver approach, which "interfer[ed] with State law to the minimum extent necessary." *Id.*

Accordingly, in *Commonwealth of Pennsylvania, et al. v. General Public Utilities Corp., et al.,* 710 F.2d 117, 122 (3d Cir. 1983), this court affirmed the dismissal on the merits of plaintiffs' Price-Anderson Act federal common law claims, without addressing the jurisdiction issue as to those claims. The *Commonwealth of Pennsylvania* court held that "there is nothing in the statute, the legislative history or any cited case law ... that convinces us that federal courts should adopt and apply some form of federal common law...." *Id.*

■ A federal claim which is so insubstantial as to be completely devoid of merit does not involve a federal controversy within the jurisdiction of a federal court. *Hagans v. Lavine,* 415 U.S. 528, 542–43, 94 S.Ct. 1372, 1381–1382, 39 L.Ed.2d 577 (1974); *Heckler, Secretary of Health and Human Services v. Ringer, et al.,* — U.S. —, —, 104 S.Ct. 2013, 2018, 80 L.Ed.2d 622. If, however, "the complaint does ...

raise serious [federal] questions, both of law and fact, which the District Court can decide only after it has assumed jurisdiction over the controversy," dismissal for want of jurisdiction is inappropriate. *Bell, et al. v. Hood, et al.,* 327 U.S. 678, 683–84, 66 S.Ct. 773, 776–777, 90 L.Ed. 939 (1946). In such a case, "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Id.* at 682, 66 S.Ct. at 776.

■ The jurisdictional question presented here, then, is whether plaintiffs' federal common law allegations under the Price-Anderson Act, that are certainly insufficient to state a claim upon which relief can be granted, *see Commonwealth of Pennsylvania, supra,* are so completely devoid of merit as to be insufficient to create a federal controversy. It could not be more obvious that the Price-Anderson Act creates no federal tort causes of action. Congress has said so in so many words. It is equally clear that the Act creates no federal common law of contracts. We hold, therefore, that plaintiffs' federal law claims are "wholly insubstantial" and provide no basis for federal jurisdiction. *Bell, et al. v. Hood, et al.,* 327 U.S. at 683, 66 S.Ct. at 776. To hold otherwise would allow plaintiffs to allege frivolous federal claims "solely for the purpose of obtaining jurisdiction...." *Id.*[4]

The order of the district court dismissing the complaint will be affirmed, solely because of the absence of subject matter jurisdiction.[5]

---

**4.** Although the parties did not rely specifically on 42 U.S.C. § 2210 for subject matter jurisdiction in the proceedings before this court, plaintiffs did allege jurisdiction under that provision in their complaint. Section 2210 contains specific grants of federal jurisdiction in subsections (n)(2) and (*o*). Neither section confers jurisdiction over this particular matter. Section 2210(n)(2) grants original federal jurisdiction for "any public liability action arising out of or resulting from an extraordinary nuclear occurrence ...." This provision is inapplicable. *See supra* note 3. Section 2210(*o*) does not confer jurisdiction over this case either, for it refers

only to petitions by indemnitors or other interested parties for a determination whether liability for a nuclear incident may exceed the coverage mandated by the Act. *See In re Three Mile Island Litigation,* 87 F.R.D. at 436.

**5.** We, of course, regret the waste of time and resources which result from dismissals of this sort. Federal subject matter jurisdiction is limited, however, and litigants are charged with this knowledge when they determine to litigate in federal court.

## SUR PETITION FOR REHEARING

Before SEITZ, Circuit Judge, STEWART (Associate Justice),** and ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM and SLOVITER, Circuit Judges.

The petition for rehearing filed by appellees in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

42 Pa.Cons.Stat.Ann. § 5103 is a matter for the concern of the attorneys and not this court.

** Hon. Potter Stewart, Associate Justice (retired) of the Supreme Court of the United States, sitting by designation.