**NEW JERSEY STATE AFL–CIO, Appellant**

v.

**STATE OF NEW JERSEY and Joseph F. Murphy, Commissioner of the Department of Insurance for the State of New Jersey.**

**No. 84–5196.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) on Oct. 30, 1984.

Decided Nov. 8, 1984.

Thomas P. Foy, Mount Holly, N.J., of counsel; John F. Pilles, Jr., Schlesinger, Schlosser, Foy & Harrington, Mount Holly, N.J., for appellant.

John J. Hayden, Deborah T. Poritz, Deputy Attys. Gen., Trenton, N.J., of counsel; Irwin I. Kimmelman, Atty. Gen. of N.J., Department of Law & Public Safety, Trenton, N.J., for appellees.

Before GARTH and SLOVITER, Circuit Judges, and LORD, District Judge.[*]

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

This is an appeal by New Jersey AFL–CIO from the dismissal of its action seek-

* Hon. Joseph S. Lord, III, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

ing a declaratory judgment that four New Jersey statutes enacted in 1983 are invalid because they are preempted by the Employee Retirement Income Security Act of 1974 (ERISA) and because they violate the impairment of contract clause of the Constitution. The district court held that it lacked subject matter jurisdiction.

The four statutes challenged in the complaint, codified at N.J.S.A. 17B:26–44.4 *et seq.;* N.J.S.A. 17:48D–9.1 *et seq.;* N.J.S.A. 17:48C–18.1 *et seq.;* and, N.J.S.A. 17B:27–51.10a *et seq.,* regulate dental insurance plans known as "closed-panel" plans, which are provided by employers or other organizations with 25 or more covered members. Under pre-existing law, such plan providers could require that covered employees use dentists specified by the employer or organization. The newly enacted statutes require that providers of "closed-panel" plans also allow employees the option of choosing the services of any licensed dentist, although the plan providers are not required to pay any amount greater than they would have paid under the "closed-panel" plan. As the district court noted, essentially the statutes require employers who offer "closed-panel" plans to offer "open-panel" plans as well. The AFL–CIO argues in its brief that the cost of the programs would increase if the employers were obliged to provide "open-panels". Brief for Appellant at 26–27.

■ We agree with the district court that we cannot reach the merits in this action. In order for the federal courts to have jurisdiction plaintiff's complaint must show that the case arises under federal law. A claim "arises under" federal law only if "[a] right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983) *quoting Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). *See Stibitz v. General Public Utilities Corp.,* 746 F.2d 993 (3d Cir.1984). Federal de-

fenses may not be treated as part of the complaint for purposes of determining whether the claim arises under federal law. *Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

■ In applying the "well-pleaded complaint rule" in the context of a declaratory judgment action, the Supreme Court stated in *Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952), that when a declaratory judgment would only decide the validity of a federal defense to a state cause of action, federal jurisdiction would not lie. This court relied on *Wycoff* in dismissing suits requesting declaratory and injunctive relief that were construed to raise only a federal issue as a defense. *Exxon Corp. v. Hunt,* 683 F.2d 69, 73 (3d Cir.1982), *cert. denied,* 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983); *Allegheny Airlines, Inc. v. Pennsylvania Public Utility Commission,* 465 F.2d 237, 241 (3d Cir.1972), *cert. denied,* 410 U.S. 943, 93 S.Ct. 1367, 35 L.Ed.2d 609 (1973).

In this action, the AFL–CIO seeks only to stave off action by New Jersey against plan providers which might be taken under the state statutes. Even if plaintiff's claim were justiciable, which is questionable, it does not establish that *its* claim arises under federal law. The AFL–CIO attempts to distinguish *Exxon* because ERISA, unlike the statute at issue there, provides a cause of action in federal court to clarify the rights to future benefits. ERISA does indeed provide that various civil actions may be brought by the Secretary, participants, beneficiaries and fiduciaries, 29 U.S.C. § 1132(a), and that most of these claims must be brought exclusively in the federal courts. 29 U.S.C. § 1132(e)(1). However, only participants and beneficiaries may bring suit (in either state or federal court) to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). The statute defines "participants" as employees or former employees who are, or may be, eligible to receive benefits, 29 U.S.C. § 1002(7), and "benefici-

aries" as people designated by a participant who may become eligible to receive benefits. 29 U.S.C. § 1002(8). It is clear from the statute that labor unions are neither participants nor beneficiaries, and consequently plaintiff does not fall within this provision. Thus decisions, such as *Buczynski v. General Motors Corp.*, 616 F.2d 1238 (3d Cir.1980), *aff'd sub nom. Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), are inapposite here since the plaintiffs were "participants" in an ERISA plan. That claim contrasts with that of state tax authorities who the Supreme Court held were not within the specified class of persons who could seek a declaratory judgment on the preemptive effect of ERISA, because they did not fall within the categories specified in the Act and hence their suit did not arise under that Act. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 103 S.Ct. at 2855.

For the foregoing reasons we will affirm the judgment of the district court dismissing the complaint.