Norma KLEIN, Nancy B. Winig, Alan Klein, Ann Weisman, Beverly Schottenstein and Randee Schottenstein

v.

DREXEL BURNHAM LAMBERT, INC., Robert J. Becker, R. Michael Laub and Michael Klein.

Civ. A. No. 89–3816.

United States District Court, E.D. Pennsylvania.

April 18, 1990.

**320**

Stuart H. Savett, Barbara A. Podell, Katharine M. Ryan, Kohn, Savett, Klein & Graf, Philadelphia, Pa., for plaintiffs.

Jerome J. Shestack, Christine C. Levin, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., John R. Vaughn, Gary A. Paranzino, Cahill Gordon & Reindel, New York City, for defendants.

## MEMORANDUM AND ORDER

DuBOIS, District Judge.

Presently before the Court is plaintiffs' motion for a preliminary and permanent injunction to enjoin defendants, Drexel Burnham Lambert, Inc. ("Drexel"), Robert J. Becker, and R. Michael Laub [1], from objecting to consolidation of plaintiffs' claims before the American Arbitration Association, or, in the alternative, for an order requiring defendants to waive the arbitration provision in plaintiffs' Customer Agreements with Drexel. Also before the Court is defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court heard oral argument on the motions on September 20, 1989. For the reasons set forth below, the Court will grant defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and will deny plaintiffs' motion for injunctive and other relief.

I

The facts of the case, as they appear in the complaint, may be summarized as follows: plaintiffs are six individuals who had brokerage accounts at Drexel. The individual defendants, Laub, Becker, and Klein, handled the plaintiffs' accounts as registered representatives and employees of Drexel. Plaintiffs allege that defendants knowingly caused excessive trading to occur in plaintiffs' accounts and invested in "highly risky and speculative investments" without plaintiffs' consent. As a result of defendants' conduct, plaintiffs allege individual losses ranging from approximately $70,000 to approximately $3,000,000. The losses reflect the total of plaintiffs' trading losses, margin interest, and commissions paid.

Each plaintiff opened a separate trading account with Drexel and each plaintiff signed a separate Customer's Agreement with Drexel agreeing to submit all disputes to arbitration. On October 14, 1988, plaintiffs filed a timely claim with the American Arbitration Association ("AAA") request-

---

1. According to plaintiffs, Michael Klein, one of the named defendants in the underlying action, is not objecting to consolidation of plaintiffs' arbitration claims. *See* Complaint ¶ 19; *see also* September 20, 1989 Transcript at 35–36.

ing a consolidation of plaintiffs' claims in one arbitration proceeding. In the AAA submission, plaintiffs asserted claims for violations of SEC Rule 10b–5 and 15 U.S.C. § 78j(b), for a violation of RICO, 18 U.S.C. § 1961 *et seq.*, for fraud and intentional misrepresentation, and for breach of fiduciary duty.

In a letter to the AAA dated November 15, 1988, defendants Drexel, Becker, and Laub objected to plaintiffs' request for consolidation of their claims in one arbitration proceeding. Thereafter, counsel for both parties exchanged a series of letters with the AAA concerning consolidation of plaintiffs' claims. In a letter dated January 19, 1988, the AAA informed the parties that it was rejecting plaintiffs' request for consolidation, stating that "[t]his matter must be severed into separate arbitrations for each Claimant named in the Demand," and directing counsel for plaintiffs to "file separate claims for each Claimant".[2] Plaintiffs allege that the AAA, subsequent to its letter of January 19, 1988, agreed to consolidate plaintiffs' claims in one arbitration proceeding if no party to the arbitration objected to consolidation. *See* Complaint ¶ 21.

## II

A threshold issue which the Court must address is whether the Court has subject matter jurisdiction over plaintiffs' Complaint. Plaintiffs argue that the Court has jurisdiction by virtue of the federal character of plaintiffs' underlying arbitration claims. Defendants argue that plaintiffs' underlying arbitration claims are not before the Court and plaintiffs' Complaint does not establish a basis of federal jurisdiction.[3]

■ It is a "fundamental precept" that federal courts are "courts of limited jurisdiction." *See, e.g. Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Generally, a federal court may not entertain a complaint unless it has jurisdiction under one of the following three bases: (1) diversity jurisdiction under 28 U.S.C. § 1332; (2) jurisdiction under a specific statutory grant, such as admiralty matters under 28 U.S.C. § 1333; or (3) jurisdiction based on a "federal question" under 28 U.S.C. § 1331.

Here, plaintiffs do not have diversity of citizenship[4] and plaintiffs' claims are not subsumed under a specific statutory grant of jurisdiction.[5] Thus, plaintiffs' basis for federal jurisdiction, if it exists, must be "federal question" jurisdiction under § 1331. To establish "federal question" jurisdiction, an action must "arise under"

---

**2.** Letter of Earl N. Helfland of the AAA dated January 19, 1988. (Exhibit "A" attached to Defendants' Motion to Dismiss Plaintiffs' Complaint).

**3.** In the Complaint, plaintiffs invoke the Court's jurisdiction under 15 U.S.C. § 78aa, the jurisdictional statute applicable to violations of the Securities Exchange Act of 1934 ("1934 Act"). *See* Complaint ¶ 1. In the Complaint, plaintiffs also generally assert the Court's jurisdiction based on § 10(b) of the 1934 Act and the RICO statutes, 18 U.S.C. §§ 1961–1964, which, according to plaintiffs' allegations, underlie, in part, plaintiffs' arbitration claims. *See* Complaint ¶ 2. In the Complaint, plaintiffs do not raise the Federal Arbitration Act as a basis of jurisdiction. However, plaintiffs argue in a Reply Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint that § 4 of the Federal Arbitration Act confers federal jurisdiction where a Court would have jurisdiction over the underlying arbitration claims. *See* Plaintiffs' Reply Memorandum in Opposition to De-

fendants' Motion to Dismiss Plaintiffs' Complaint, pps. 2–5. Thus, while plaintiffs do not allege the Federal Arbitration Act as a basis of jurisdiction in the Complaint, the Court will treat plaintiffs' jurisdictional argument under the Federal Arbitration Act as if alleged in the Complaint.

**4.** As alleged, there is not complete diversity between plaintiffs and defendants. *See* Complaint ¶¶ 5–13.

**5.** There are certain federal jurisdictional statutes which are, arguably, sufficiently broad in their jurisdictional grants to provide an independent basis of federal jurisdiction for claims subsumed in an arbitration petition. *See, e.g.* 28 U.S.C. § 1333 (admiralty matters); 29 U.S.C. § 185 (labor contracts). Here, the jurisdictional statute relevant to plaintiffs' underlying claims is a narrow grant of federal jurisdiction applicable to "violations" of the securities laws, and not "any matters relating" to such violations. *See* 15 U.S.C. § 78aa; Complaint ¶ 1.

federal law and present a "substantial question" of federal law.[6]

■ Notwithstanding the fact that plaintiffs' cause of action "arises under" the Federal Arbitration Act (the "FAA")[7], the FAA does not confer federal question jurisdiction. The Supreme Court describes the FAA as "something of an anomaly in the field of federal-court jurisdiction." *Moses H. Cone Memorial Hospital v. Mecury Construction Corp.*, 460 U.S. 1, 26 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983). Although the FAA establishes federal substantive law requiring parties to honor arbitration agreements, the FAA does not create independent federal question jurisdiction. *See Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9, 79 L.Ed.2d 1 (1984).[8]

■ Here, plaintiffs argue that § 4 of the FAA, under which plaintiffs seek relief[9], provides for federal jurisdiction where the Court would have jurisdiction over the underlying arbitration claims. Defendants argue that § 4 of the FAA does not confer federal jurisdiction and that federal jurisdiction exists only when the Court has jurisdiction over the arbitration dispute before it.[10]

The decision in *Drexel Burnham Lambert, Inc. v. Valenzuela Bock*, 696 F.Supp. 957 (S.D.N.Y.1988) is directly on point. In *Valenzuela Bock*, the district court specifically rejected the same argument raised by plaintiffs that federal jurisdiction may be established under § 4 of the FAA based on the federal character of the underlying arbitration claims. The Court rejects plaintiffs' argument and adopts the reasoning in *Valenzuela Bock* as to the meaning of § 4 of the FAA.

The facts of *Valenzuela Bock* closely parallel the facts of our case. In *Valenzuela Bock*, seven separate petitioners filed a request for a consolidated arbitration alleging violations of the federal securities law and RICO. The AAA originally agreed to consolidate petitioners' arbitration claims and defendant, Drexel, filed an action in the New York State Court seeking severance of the consolidated arbitrations under § 4 of the FAA. Petitioners attempted to remove the state court action to federal court on the basis of federal question jurisdiction, since, as here, diversity jurisdiction was lacking. *Id* at 959.

In *Valenzuela Bock*, the district court remanded petitioners' action to state court on the ground that the federal court lacked subject matter jurisdiction. First, the court rejected the proposition that there was federal question jurisdiction for a claim arising under the FAA, *citing Moses Cone* and *Southland*. *Id*. at 959–60. The court then addressed the question whether petitioners had an independent basis of federal question jurisdiction. There, as here, petitioners argued that federal jurisdiction

---

6. *See* 13B, C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure at §§ 3562–3565 (1984).

7. *See* FAA at 9 U.S.C. §§ 1–15 (1982). In this case, plaintiffs seek relief under § 4 of the FAA, which provides for the issuance of court orders directing arbitration to "proceed in the manner provided for in such agreement." 9 U.S.C. § 4. *See,* note 9 *infra*.

8. Consistent with *Moses Cone* and *Southland,* the lower courts have uniformly held that the FAA does not, by itself, create federal question jurisdiction. *See, e.g. General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 970 (9th Cir.1981); *Commercial Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264 (5th Cir.1978); *see also Litton FCS, Inc. v. Pennsylvania Turnpike Commission*, 376 F.Supp. 579, 585 (E.D.Pa. 1974), *aff'd,* 511 F.2d 1394 (3d Cir.1975); *Penn-*

*sylvania Engineering Corp. v. Islip Resource Recovery Agency*, 710 F.Supp. 456 (E.D.N.Y.1989); *Higgins v. U.S. Postal Service*, 655 F.Supp. 739 (D.Me.1987); *see generally* 13B, C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure at § 3569 (1984).

9. *See* note 7, *supra*.

10. Section 4 of the FAA provides, in relevant part: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement...." 9 U.S.C. § 4.

lies where the action underlying the arbitration involves rights created by federal law. *Id.* at 960. The court rejected petitioners' arguments, after carefully examining the over-all structure and legislative history of the FAA, concluding that an independent basis of federal jurisdiction over the arbitration dispute was required. *Id.* at 960–963 [11].

Although plaintiffs in this case concede that the decision in *Valenzuela Bock* is directly contrary to their position, plaintiffs argue that *Valenzuela Bock* is not in accord with the Supreme Court's decision in *Moses Cone.* In making that argument, plaintiffs rely on the following passage from *Moses Cone:* "Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; ...." *Moses Cone,* 460 U.S. at 26 n. 32, 103 S.Ct. at 942 n. 32. Plaintiffs equate "underlying dispute" with the underlying arbitration claims and argue that *Moses Cone* supports their position that § 4 of the FAA confers jurisdiction in this case. Defendants argue that the reference in *Moses Cone* to "underlying dispute" refers to the arbitration dispute on the issue of consolidation before the Court.[12] Furthermore, defendants argue that the references in

*Moses Cone* to § 4 of the FAA must be read in their entirety as follows:

"The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 (1976 ed. Supp. V) or otherwise. *Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue* (citations omitted). Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence. Nevertheless, although enforcement of the Act is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by the federal courts where otherwise appropriate." *Moses Cone, supra,* 460 U.S. at 26 n. 32, 103 S.Ct. at 942 n. 32. (emphasis added).

**11.** The court in *Valenzuela Bock* explained that, although § 4 of the FAA states that a party may petition the "United States district court" for relief under § 4, the reference to "United States district court" has never been read as bestowing federal jurisdiction. *See Valenzuela Bock* at 960–961. Other Sections in the FAA—*i.e.* 9 U.S.C. §§ 7, 9, 10, 11—refer to petitions to the "United States court" and none of these Sections has been read as conferring jurisdiction. *Id* at 960–961 (citations omitted). If the references to "United States courts" were interpreted as conferring jurisdiction, it would create incomprehensible differences in the scope of jurisdiction under the FAA. For instance, federal jurisdiction would exist in every case under § 7 of the FAA—which authorizes the "United States court" to compel the attendance of witnesses—although, under § 4 of the FAA, federal jurisdiction would only exist if the Court had jurisdiction over the "subject matter of a suit arising out of the controversy...." 9 U.S.C. § 4. Furthermore, it would be equally incomprehensible if only § 4 of the FAA, based on its unique phrasing, were read as conferring jurisdiction, while the other Sections of the FAA did not confer federal jurisdiction. "It would be bizarre if a petition to compel arbitration could be brought in federal court while a petition to

confirm or vacate the arbitration award in the same underlying dispute could not." *Valenzuela Bock* at 963.

**12.** The use of the conditional verb in *Moses Cone* (*i.e.* whether the Court "would have" jurisdiction) may be explained as simply tracking the language of § 4 of the FAA. § 4 of the FAA provides, in relevant part, as follows: "A party ... may petition [the Court] *which, save for such agreement, would have jurisdiction* under Title 28, ...." (emphasis added). In *Valenzuela Bock,* the court explains that the language of § 4 of the FAA is not intended to confer jurisdiction, but may be read as a response to an arcane principle of common law—*i.e.* at the time the FAA was passed, a claim for specific performance of an agreement to arbitrate would not be enforced by the federal courts because such a clause was construed as an agreement to oust the federal court of jurisdiction. Thus, § 4 of the FAA may be interpreted as follows: "[A] court which is otherwise vested of jurisdiction of the suit [*i.e.* "would have" jurisdiction "save for" the agreement] would not be divested [of jurisdiction] by the arbitration agreement and may proceed to order arbitration, contrary to prior precedent." *Valenzuela Bock* at 963.

Based on the foregoing, the Court agrees with the defendants' reading of *Moses Cone.* A party with a claim under § 4 of the FAA must have diversity of citizenship or an independent basis of jurisdiction (separate from the FAA) to assert federal jurisdiction. Although *Moses Cone* is admittedly vague, the Court does not read *Moses Cone* as implying that one Section of the FAA—*i.e.* Section 4—is jurisdiction-granting.

Finally, to extend federal jurisdiction based on only plaintiffs' underlying federal claims runs contrary to the well established rule that, under § 1331, federal question jurisdiction must be established on the face of a "well-pleaded complaint." *Starin v. New York,* 115 U.S. 248, 6 S.Ct. 28, 29 L.Ed. 388 (1885); *King County v. Seattle School District,* 263 U.S. 361, 363, 44 S.Ct. 127, 127, 68 L.Ed. 339 (1923); and *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). In *Franchise Tax Board v. Construction Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420 (1983), the Supreme Court formulates the well-pleaded complaint rule as follows: "Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *See United Jersey Banks v. Parell,* 783 F.2d 360, 365 (3d Cir.1986); *Stibitz v. General Public Utilities Corp.,* 746 F.2d 993, 995–96 (3d Cir.

1984); *New Jersey State AFL–CIO v. New Jersey,* 747 F.2d 891, 892 (3d Cir.1984).

Here, plaintiffs' cause of action arises under the FAA, and the FAA does not create federal jurisdiction. Plaintiffs do not ask the Court to decide or address underlying federal laws apart from the FAA. Plaintiffs' action, requesting the Court to impute a contract term to the parties' arbitration agreement, does not raise a separate "federal question". Furthermore, the jurisdictional grant relevant to plaintiffs' underlying claims is not sufficiently broad to provide an independent basis of federal jurisdiction.[13]

For all the foregoing reasons, the Court grants defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, and denies plaintiffs' motion for a preliminary and permanent injunction.[14]

An appropriate order follows.

## ORDER

AND NOW, to wit, this 18th day of April, 1990, upon consideration of the Motion of the plaintiffs, Norma Klein, Nancy B. Winig, Alan Klein, Ann Weisman, Beverly Schottenstein and Randee Schottenstein, for a Preliminary and Permanent Injunction or, in the alternative, for an Order requiring defendants, Drexel Burnham Lambert, Inc., Robert J. Becker, R. Michael Laub and Michael Klein, to waive the Arbitration provision in plaintiffs' customer account agreements with Drexel Burnham Lambert, Inc., and the Motion of the defendants, Drexel Burnham Lambert, Inc., Rob-

---

**13.** *See* note 5, *supra.*

**14.** In light of the Court's disposition on the jurisdictional issue, the Court need not address the question whether consolidation is appropriate in the absence of contractual authority or the parties' consent to consolidate. However, the Court notes that, with the exception of one Second Circuit case, which has been distinguished by subsequent decisions in the Second Circuit, the overwhelming weight of authority is opposed to court-ordered consolidation. *Compare Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966 (2d Cir. 1975) ("Nereus") (allowing court-ordered consolidation) *with In the Matter of the Arbitration between Reefer Express Lines Pty. and Mediteranska Plovidba and Banana Services, Inc.,* 1987

WL 11685 (S.D.N.Y., May 28, 1987) (Lowe J.) (available on Lexis); *Sociedad Anonima v. CIA de Petroleos de Chile, S.A.,* 634 F.Supp. 805 (S.D. N.Y.1986); and *Ore & Chemical Corp. v. Stinnes Intertoil, Inc.,* 606 F.Supp. 1510 (S.D.N.Y.1985). In other Circuits, cases subsequent to *Nereus* have consistently rejected the argument that a court has the power to compel consolidation. *See, e.g. Protective Life Insurance Corp. v. Lincoln National Life Insurance Corp.,* 873 F.2d 281 (11th Cir.1989); *New England Energy, Inc. v. Keystone Shipping Company,* 855 F.2d 1 (1st Cir.1988); *Flink v. Carlson,* 856 F.2d 44, 47 (8th Cir.1988); *Del E. Webb Construction v. Richardson Hospital Authority,* 823 F.2d 145, 150 (5th Cir.1987); *Weyerhaeuser Co. v. Western Seas Shipping Co.,* 743 F.2d 635 (9th Cir.1984).

ert J. Becker, R. Michael Laub and Michael Klein, to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, and the Responses and supplemental submissions filed by the parties, after oral argument, IT IS ORDERED that the Motion of defendants, Drexel Burnham Lambert, Inc., Robert J. Becker, R. Michael Laub and Michael Klein, to Dismiss for lack of subject matter jurisdiction is granted.

IT IS FURTHER ORDERED that the Motion of the Plaintiffs, Norma Klein, Nancy B. Winig, Alan Klein, Ann Weisman, Beverly Schottenstein and Randee Schottenstein, for a Preliminary and Permanent Injunction to enjoin defendants, Drexel Burnham Lambert, Inc., Robert J. Becker, R. Michael Laub and Michael Klein, from objecting to consolidation of plaintiffs' claims before the American Arbitration Association or, in the alternative, for an Order requiring defendants to waive the Arbitration provision in plaintiffs' customer account agreements with Drexel Burnham Lambert, Inc., is denied.