**COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, and Rene Anzaldua, Plaintiffs,**

v.

**SBC DISABILITY INCOME PLAN, SBC Communications, Inc., and Aetna Life Insurance Company, Defendants.**

**No. CIVASA–99–CA–1014–FB.**

United States District Court,
W.D. Texas,
San Antonio Division.

Dec. 17, 1999.

David Van Os, David Van Os & Associates, San Antonio, TX, for Communications Workers of America, AFL–CIO, Rene Anzaldua, plaintiffs.

Diego J. Pena, Debra A. Verbil, San Antonio, TX, for SBC Disability Income Plan, SBC Communications, Inc., defendants.

John Bruce Shely and Jeffrey Migit, Andrews & Kurth, L.L.P., Houston, TX, for Aetna Life Insurance Co., defendant.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO AS A PARTY–PLAINTIFF

BIERY, District Judge.

This case presents an example of traditional judicial branch statutory construction adverse to one of the plaintiffs. Based on the analysis in this and similar cases cited, the appropriate forum to obtain standing to bring ERISA claims on behalf of association members is the legislative branch.

Before the Court are defendants' motions to dismiss the Communications Workers of America, AFL–CIO ("CWA" or "the union") as a party-plaintiff to this litigation (docket nos. 6, 9 & 10) and plaintiffs' response (docket no. 22). CWA and Rene Anzaldua filed this lawsuit challenging the denial of Mr. Anzaldua's claims for long term disability benefits under the SBC Disability Income Plan, which was established and is maintained by Mr. Anzaldua's employer, Southwestern Bell Telephone Company. CWA is a labor organization of which Mr. Anzaldua is a member. The complaint on behalf of the union and Mr. Anzaldua alleges Mr. Anzaldua was denied benefits in violation of the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiffs seek affirmative and declaratory relief as to Mr. Anzaldua's rights under the plan. Defendants contend CWA should be dismissed as a plaintiff because the ERISA statute does not designate a labor union as an appropriate party to bring suit. Plaintiffs argue the union has standing because it negotiated the benefit

plan and has an interest in its enforcement. After careful consideration, the Court is of the opinion defendants' motions to dismiss CWA should be granted.

Section 1132(a) of the ERISA statute limits those persons who can maintain suit to "participants," "beneficiaries" and "fiduciaries." 29 U.S.C. § 1132(a).[1] CWA does not purport to be a fiduciary as defined by ERISA.[2] Therefore, if the union is to establish standing under section 1132(a), it must satisfy the statute's definition of participant or beneficiary. ERISA defines "participant" as:

> any employee or former employee of an employer, *or any member or former member of an employee organization,* who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefits.

*Id.* § 1102(7)(emphasis added). Under this definition, CWA is not a participant. The statute solely designates members of an employee organization, not the organization itself, as having standing to sue.

ERISA defines "beneficiary" as a "person designated by a particular participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). CWA is not a beneficiary as defined by the Act. Mr. Anzaldua never designated the union as beneficiary and there is no indication CWA is entitled to benefits under the plan. In fact, the ERISA statute contains an anti-alienation provision which states: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d). An "assignment or alienation" has been defined as " '[a]ny direct or indirect arrangement whereby a party acquires from a participant or beneficiary' an interest enforceable against a plan to 'all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary.' " *Boggs v. Boggs,* 520 U.S. 833, 851, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997) (citation omitted). Thus, Mr. Anzaldua may not assign or otherwise permit CWA to claim his ERISA benefits. Pursuant to the plain language of the statute, then, the union is neither a participant nor beneficiary.

The United States Supreme Court and Fifth Circuit have held section 1132(a) grants standing only to a participant, beneficiary or fiduciary; non-designated persons have no standing to sue under ERISA. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)(ERISA "does not provide anyone other than participants, beneficiaries, or fiduciaries of an ERISA-covered plan with an express cause of action . . . ."); *Coleman v. Champion Int'l Corp./Champion Forest Prods.,* 992 F.2d 530, 532–33 (5th Cir.1993)(construing strictly jurisdictional grant under section 1132(a) to persons enumerated in that statute). Other courts have held a labor organization is not a proper party to an ERISA action.[3] *See New Jersey State AFL–CIO v. New Jer-*

---

**1.** The Secretary of Labor is authorized to bring suit in certain situations and a state may sue to enforce compliance with a qualified medical child support order. *Id.*

**2.** ERISA defines "fiduciary" as a person who (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) has any discre-

tionary authority or discretionary responsibility in the administration of such plan. 29 U.S.C. § 1002(21).

**3.** The Court recognizes the Fifth Circuit has declined to rule on this issue. *See American Fed'n of Unions, Local 102 v. Equitable Life Assurance Society of the United States,* 841 F.2d 658, 665–66 (5th Cir.1988). In *American Fed'n of Unions,* the Court noted the Ninth Circuit allowed "parties not listed in § 1132(a), including unions, . . . to sue." *Fentron Indus., Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300, 1304–05 (9th Cir. 1982). The Fifth Circuit rejected the *Fentron*

*sey,* 747 F.2d 891, 892–93 (3d Cir. 1984)(ERISA statute defines both participants and beneficiaries and "[i]t is clear from the statute that labor unions are neither participants nor beneficiaries ...."); *Systems Council EM–3 v. AT&T Corp.,* 972 F.Supp. 21, 27–28 (D.D.C.1997)("[U]nion plaintiffs, who are not enumerated parties under ERISA, do not have standing to maintain an ERISA claim."), *aff'd,* 159 F.3d 1376 (D.C.Cir. 1998); *McCabe v. Trombley,* 867 F.Supp. 120, 125 (N.D.N.Y.1994)("Standing for employee organizations is not mentioned in the statute, and this court cannot substitute its will for that of Congress."); *International Union v. Auto Glass Employees Fed. Credit Union,* 858 F.Supp. 711, 721 (M.D.Tenn.1994)(union lacks standing to assert ERISA claims on behalf of its members), *aff'd,* 72 F.3d 1243 (6th Cir.), *cert. denied,* 519 U.S. 814, 117 S.Ct. 63, 136 L.Ed.2d 24 (1996); *International Union of Elec. Workers v. Murata Erie N. Am., Inc.,* Civ. A. No. 89–255 ERIE, 1990 WL 310625, at \*6 (W.D.Pa. July 30, 1990)("[A] union is not a proper party to an ERISA action."); *United Food & Commercial Workers, Local 204 v. Harris–Teeter Super Markets,* 716 F.Supp. 1551, 1561 (W.D.N.C.1989)("[A] union lacks standing as a plaintiff under § 1132(a) because it is neither a participant nor a beneficiary of the plan."); *District 65, UAW v. Harper & Row Publishers Inc.,* 576 F.Supp. 1468, 1476 (S.D.N.Y.1983)("[U]nion has no

standing under the clear language of ERISA ... to assert claims [because union] is not a participant, beneficiary or fiduciary."); *Utility Workers Union of Am. v. Consumers Power Co.,* 453 F.Supp. 447, 450 (E.D.Mich.1978)("Given the detail of the statutory scheme and the precise language chosen by Congress, ... the union lacks standing to sue under ERISA.")[4] *But see Communications Workers of Am. v. AT & T,* 40 F.3d 426, 434 n. 2 (D.C.Cir.1994)(reversing district court's decision on other grounds and noting in footnote without analysis: "Once CWA-represented employees have exhausted their administrative remedies under the plan, CWA will acquire representational standing to sue on behalf of its members" under ERISA statute).

CWA maintains it "is bringing this suit on behalf of its members, who are participants and beneficiaries, and is doing so in order to vindicate contractual rights negotiated on their behalf as their representative ...." The fact a labor union negotiated a benefit plan on behalf of its members, and the plan is relevant to its members ERISA claims, is not sufficient to supply the union with derivative standing to assert ERISA causes of action. *International Union v. Auto Glass Employees Fed. Credit Union,* 858 F.Supp. at 722 (M.D.Tenn.1994)("Despite the fact that an ERISA claim may derive from a collective bargaining agreement negotiated by a un-

"non-enumerated party" standing concept in *Hermann Hosp. v. MEBA Med. & Benefits Plan,* 845 F.2d 1286, 1287–1288 (5th Cir. 1988), and *Coleman,* 992 F.2d at 534. The Court will grant the motions to dismiss the union which in effect will give the Fifth Circuit an opportunity to rule if it chooses to do so.

4. This case was subsequently reversed by the Sixth Circuit in an unpublished opinion. 663 F.2d 1074 (6th Cir.1981)(table designation). The appellate court originally affirmed the district court's decision on grounds other than the union's dismissal as a party-plaintiff. The single issue before the court was whether "the non-forfeitability provisions of [ERISA] prohibit the reduction of pension benefits by the amount that a pensioner receives in work-

ers' compensation insurance benefits." 637 F.2d 1082, 1083 (6th Cir.1981). The Sixth Circuit found the reduction was prohibited by the statute. *Id.* at 1092. Upon further review, the Supreme Court granted appellant's petition for writ of certiorari and vacated the circuit opinion. 451 U.S. 1014, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981). The matter was remanded to the intermediate court for "further consideration in light of *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)." *Id. Alessi* also concerned ERISA prohibitions against offsetting workers' compensation benefits against pension benefits. 451 U.S. at 507, 101 S.Ct. 1895. On remand, the Sixth Circuit reversed the trial court by table designation, 663 F.2d 1074 (6th Cir.1981), presumably on grounds the decision ran afoul of *Alessi.*

ion, Congress has obviously chosen not to include a labor union as an appropriate party to vindicate employees' rights under ERISA.")

CWA relies on a line of Supreme Court cases, beginning with *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), to argue unions have standings as associations to bring actions on behalf of their members. At least one district court has rejected a union's reliance on these cases because such decisions "explore the constitutional limitations on standing, not the statutory limits [imposed by ERISA which] are in issue here." *Systems Council EM–3*, 972 F.Supp. at 27. Moreover, under the Supreme Court's holding in *Hunt*, an association has standing to bring suit on behalf of its members only if neither the claim asserted or the relief requested requires the participation of individual members in the lawsuit. 432 U.S. at 343, 97 S.Ct. 2434. Determining whether and the extent to which Mr. Anzaldua may be entitled to long term disability benefits requires the participation in this case of Mr. Anzaldua. In their complaint, plaintiffs request the Court to reinstate Mr. Anzaldua's long term disability benefits, require defendants to pay retroactively long term disability benefits to Mr. Anzaldua and clarify Mr. Anzaldua's rights to future long term disability benefits under the terms of the benefit plan. Necessarily, the amount of this type of relief requires an individualized evaluation of Mr. Anzaldua's injuries and his status under the plan. Under similar circumstances, courts have concluded CWA has no associational standing to bring an ERISA suit on behalf of its members. *Communications Workers of Am., AFL–CIO v. NYNEX Corp.*, No. 93 Civ. 3322(LMM), 1997 WL 122869, at \*3–4 (S.D.N.Y. March 18, 1997)(union has no associational standing to bring suit because ERISA claim seeking recovery of benefits and clarification of rights under plan requires participation of union mem-

ber); *Communications Workers of Am. v. Nynex Corp.*, No. 93 Civ. 5329(LLS), 1995 WL 590871, at \*4 (S.D.N.Y. October 5, 1995)(labor organization has no standing to bring ERISA suit because evaluation of member's injury required delving into individual circumstances).

Plaintiffs cite an unpublished opinion, *Communications Workers of America, AFL–CIO v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, MO–89–CA–273, at \*3–4 (W.D.Tex. July 19, 1990)(order denying motion to dismiss and for summary judgment), holding a union had standing to assert ERISA claims under *Hunt*.[5] The plaintiffs sought to "redress alleged legally insufficient notice of denial of benefits, lack of meaningful review of claim denials and breach of fiduciary duty in making benefit decisions." *Id.* at \*4. The Court found neither the claims asserted nor the relief requested required the participation of individual members in the lawsuit. Rather, the Court explained, plaintiffs' challenge to the administration of the plan was "universal as opposed to case specific." *Id.* In this instance, however, a particularized finding as to the claims of and damages for Mr. Anzaldua would be necessary. The facts before the Court here are therefore distinguishable.

An independent reason supporting CWA's dismissal is the existing plaintiff, Mr. Anzaldua, adequately represents the union's interest. The affirmative and declaratory relief sought by CWA is identical to that sought by Mr. Anzaldua: payment to Mr. Anzaldua of long term disability benefits and clarification of his entitlement to long term disability benefits. Not only does CWA have the same ultimate objective as Mr. Anzaldua, one attorney filed suit on behalf of both plaintiffs. As Mr. Anzaldua is sufficiently represented in this action, "there exists no need for CWA to act on [his] behalf in obtaining such recovery." *Communications Workers of America, AFL–CIO v. NYNEX*, No. 93 Civ.

---

**5.** Unpublished opinions are not precedent in the Fifth Circuit, but may be persuasive. 5TH

CIR. R. 47.5.4.

3322(LLM), 1997 WL 122869, at *4 (S.D.N.Y. March 18, 1997). The Court concludes defendants' motions to dismiss CWA as a party-plaintiff to this litigation should be granted.

IT IS THEREFORE ORDERED that Aetna Life Insurance Company's Motion to Dismiss Claims Asserted by Communications Workers of America, AFL–CIO (docket no. 6), SBC Communications Inc.'s Motion to Dismiss Communications Workers of America for Failure to State a Claim (docket no. 9) and SBC Disability Income Plan's Motion to Dismiss Communications Workers of America for Failure to State a Claim (docket no. 10) are GRANTED such that plaintiff Communications Workers of America, AFL–CIO is dismissed as a party-plaintiff to this litigation.

It is so ORDERED.