**JDC (AMERICA) CORPORATION, a Florida corporation, Plaintiff,**

v.

**AMERIFIRST FLORIDA TRUST COMPANY, as a Trustee, under the provisions of a certain Trust Agreement dated February 29, 1984; Brickell Station Towers, Inc., a Florida corporation, as a general partner of Brickell Station Towers Joint Venture, a Florida general partnership; Peter Wenzel; J. Kenneth Kinsella; Mershon, Sawyer, Johnston, Dunwoody & Cole, a general partnership; and Brickell Station Towers, Inc., a Florida corporation, Defendants.**

**No. 90–0087–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

May 16, 1990.

Christian Keedy, Jeffrey Homer, Warren Gammill, Miami, Fla., for plaintiff.

W. Barry Blum, Peter Bellas, Miami, for defendants.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ARBITRATION OF ALL ISSUES ARISING UNDER TURN–KEY CONSTRUCTION AND TENANT IMPROVEMENT AGREEMENTS AND GRANTING DEFENDANT'S MOTION TO DISMISS

HOEVELER, District Judge.

THIS CAUSE IS before the court upon Plaintiff's Motion to Compel Defendant BRICKELL STATION TOWERS ("BST") to Arbitrate all issues arising under the Turn–Key Construction and Tenant Improvement Agreements, and Defendant's Motion to Dismiss Plaintiff's Petition to Compel Arbitration.

### Facts

Plaintiff JDC (AMERICA) CORPORATION ("JDC") and Defendant BST entered into a joint venture to construct the World Trade Center ("the Center"), a thirty-three story office building in downtown Miami. JDC subsequently filed a lawsuit in state court to foreclose on the mortgage. That suit named, *inter alios,* JDC's joint venture partner, BST. BST filed counterclaims alleging, *inter alia,* defects in the construction of the Center. In the course of the foreclosure suit, JDC moved the court to compel arbitration of all issues arising under the Turn–Key Construction and Tenant Improvement Agreements. The state court denied the motion on the ground that Florida law, as articulated in *Graham v. Friendly Ford,* 552 So.2d 1165 (Fla. 3rd DCA 1989), preempts JDC's right to compel arbitration. Plaintiff subsequently appealed the order denying JDC's motion to compel, and filed an identical action [1] in this court, styled as a "Motion to Compel Arbitration."

### Discussion

Whether or not this court has jurisdiction to adjudicate the arbitrability of the Turn–Key Construction and Tenant Improvement Agreements is the threshold issue before this court. If jurisdiction over this action rests properly within this court, then the court must proceed to resolve the substantive issue of whether arbitration is properly compelled. However, if this court lacks jurisdiction, the action asphyxiates on its

---

[1]. The federal action is identical to the state action with one exception: the federal suit

own baselessness, and plaintiff must pursue its remedy within the state appellate and arbitral processes.

■ The United States Arbitration Act grants both state and federal courts concurrent jurisdiction over disputes involving arbitration agreements[2]. 9 U.S.C.A. sec. 3. However, the Act alone is insufficient to confer federal jurisdiction: not only must the transactions involved constitute "interstate commerce" with the meaning of 9 U.S.C. sec.2[3], but an independent basis of jurisdiction—such as diversity or a federal question—must also exist, before a federal court can exercise jurisdiction. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391, 395 (5th Cir.1981); *Moses H. Cone Hospital v. Mercury Construction*, 460 U.S. 1, 25, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983). This rule has the effect, when applicable, of relegating enforcement of the Act, in large part, to state courts. However, it is necessary to advance the federal policy of liberally favoring arbitration.[4]

■ In the case at bar, plaintiff does not allege any independent basis for federal jurisdiction. Plaintiff's motion neither alleges diversity jurisdiction—the parties are all Florida corporations or citizens—nor raises a federal question. Despite plaintiff's assertion to the contrary, merely alleging federal question jurisdiction is insufficient to confer same.

■ Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course would lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate. *Southland Corporation, et al. v. Keating*, 465 U.S. 1, 7, 104 S.Ct. 852, 856, 79 L.Ed.2d 1 (1984).

For the reasons stated above, this court must dismiss plaintiff's action, on procedural grounds, for want of jurisdiction.

Accordingly, it is hereby

ORDERED and ADJUDGED that Plaintiff's motion to compel arbitration is DENIED, and Defendant's Motion to Dismiss is GRANTED.

DONE and ORDERED.

---

names additional parties, *to wit,* the law firm of MERSHON, SAWYER, JOHNSTON, DUNWOODY & COLE, and PETER WENZEL and J. KENNETH KINSELLA, individually.

2. To the extent plaintiff's right to arbitration was raised before the state court under the Federal Arbitration Act, and the state court failed to apply federal law in considering plaintiff's motion, that court's ruling (denying the motion to compel arbitration) is inconsistent with the U.S. Supreme Court's view that:

[T]he Arbitration Act creates a body of federal substantive law ... applicable in both state and federal court.
465 U.S. 1 at 12, 104 S.Ct. 852 at 859.
Federal law governs the issue of arbitrability in either state court or federal court. *Id.*

3. 9 U.S.C. sec. 2 reads in pertinent part:

A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract of transaction, or the refusal to perform the whole or any part thereof ... shall be valid, irrevocable and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract.

4. As the Supreme Court explained in the Mercury Construction case:

The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. sec.1331 (1976 ed, Supp V) [28 U.S.C.S. sec.1331] or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.
[A]lthough enforcement of the Act is left in large part to the state courts, it nevertheless represents federal policy to be vindicated by the federal court where otherwise appropriate.
460 U.S. 1 at 25, n. 32, 103 S.Ct. 927 at 942, n. 32.