McMORAN OIL AND GAS COMPANY, a Delaware corporation; Freeport–McMoran Inc., a Delaware corporation; and FMP Operating Company, a Texas Limited Partnership, Plaintiffs–Appellees/Cross–Appellants,

v.

KN ENERGY, INC., a Kansas corporation, Defendant–Appellant/Cross–Appellee.

Nos. 89–1068, 89–1098.

United States Court of Appeals, Tenth Circuit.

July 10, 1990.

Rehearing Denied Aug. 30, 1990.

Tucker K. Trautman (Lawrence P. Terrell and D. Monte Pascoe, with him on the briefs) of Ireland, Stapleton, Pryor & Pascoe, P.C., Denver, Colo., for plaintiffs-appellees/cross-appellants.

Robert L. Morris of Morris, Lower & Sattler (P. Kathleen Lower of Morris, Lower & Sattler, and Steve H. Ozawa of KN Energy, Inc., Lakewood, Colo., with him on the briefs), Denver, Colo., for defendant-appellant/cross-appellee.

Before MOORE and McWILLIAMS, Circuit Judges, and BRATTON, Senior District Judge.*

JOHN P. MOORE, Circuit Judge.

Had the Supreme Court recently not decided to "adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,'" *Carden v. Arkoma Assocs.*, —— U.S. ——, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990) (citation omitted), this case might well have continued on its journey in federal court, successfully slipping past Scyllaea. Instead,

* The Honorable Howard C. Bratton, Senior Judge, United States District Court for the District of New Mexico, sitting by designation.

snared on her rocky shore like the misfortuned seafarer, the action is wrest from our jurisdiction and must be dismissed.

## I.

This odyssey began in 1985 when McMoRan Oil & Gas Company, a Delaware corporation with its principal place of business in Louisiana, and its parent company, Freeport–McMoRan Inc., a Delaware corporation with its principal place of business in New York, (McMoRan, collectively), filed suit in federal court in the district of Colorado, against KN Energy, Inc., a Kansas corporation with its principal place of business in Colorado. McMoRan alleged jurisdiction under 28 U.S.C. § 1332(a)(1). In its suit, McMoRan, an oil and gas production company which sold gas to KN, complained that KN breached the parties' gas purchase contract by failing to pay the renegotiated price provided in the contract. After two years of discovery, trial to the court was set to begin in July 1987.

Shortly before trial, McMoRan sought leave to file a second amended complaint. It became necessary for the court to reschedule the July trial to March 1988, however, without ruling on that motion. In December 1987, McMoRan again moved for permission to file a revised second amended complaint under Fed.R.Civ.P. 15 and 25(c), asserting that additional discovery, a recently decided Tenth Circuit case, and its assignment of the contract to FMP Operating Company, a Texas limited partnership, necessitated the proposed amendment. The court granted the motion, and McMoRan filed a revised amended complaint in January 1988.

Trial to the court was scheduled finally for November 1988, after three previously set dates were vacated.[1] Three weeks before the November trial, however, KN moved to dismiss the action for lack of subject matter jurisdiction because of the addition of a nondiverse limited partner of FMP Operating Company, Freeport–McMoRan Energy Partners, which was comprised of Colorado and Kansas limited partners.[2] At a subsequent hearing, the court denied the motion, noting that with trial just two weeks off, "at a late point like this, there is sufficient ancillary jurisdiction that the court should proceed." After a two-day trial, the court entered judgment in favor of McMoRan and FMP Operating and awarded $1,602,712.51, based on its interpretation of the contract language "highest price then being paid" but limited monthly escalations to the express language of the contract. McMoRan and KN appealed, raising a variety of issues, all of which are now marooned by the failure of jurisdiction.

## II.

Although recognizing our responsibility to oversee limitations on federal jurisdiction, *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir.1986), McMoRan asseverates that obligation is fully met by looking only to the date on which the initial complaint is filed. If complete diversity exists on that date, subsequent changes like "the mere addition" of a party plaintiff will not deprive the court of jurisdiction unless the additional plaintiff was an indispensable party when the complaint was filed. *See, e.g., American Nat. Bank & Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 582–83 (7th Cir.1984), *cert. denied*, 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985). McMoRan maintains that since FMP Operating was not an indispensable party at the outset of the action, the subsequent contract assignment compelling its addition as a party plaintiff does not disturb the initial attachment of diversity jurisdiction. Indeed, because the nature of the action and the right asserted remained the same, McMoRan urges, the court's jurisdiction "should not be re-examined as of a later

---

**1.** Each rescheduling was necessitated by the district court's busy trial docket.

**2.** To its motion KN attached a motion to dismiss previously filed before another judge in the same district. In that case, FMP Operating, the defendant, successfully moved to dismiss the action for lack of subject matter jurisdiction on the ground that some of its limited partners were citizens of Colorado and Kansas, making the partnership nondiverse from KN, the plaintiff.

date." Finally, McMoRan notes in its brief, as general partners,[3] "both McMoRan and FMI, with their general partner responsibilities and authority and significant financial stake in FMPO, continued to have a real interest in the outcome of this litigation."

Before we consider the particular issues of this case, we revisit the principles of 28 U.S.C. § 1332(a)(1) which confers federal jurisdiction "where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between citizens of different States." The statute requires complete diversity of citizenship; that is, no plaintiff can be a citizen of the same state as any defendant. "Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history [the re-enacted or amended statute] clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 2402–03, 57 L.Ed.2d 274 (1978) (citation omitted).

■ While the courts and Congress previously have decided how most artificial entities created by state law will be treated for purposes of federal diversity jurisdiction, the citizenship of a limited partnership has only recently been resolved. For purposes of determining whether diversity jurisdiction is present, the Court has held during the present term that the citizenship of all of the members of the entity must be consulted. *Carden*, 110 S.Ct. at 1021. Thus, if a limited partner is a citizen of the same state as a party on the other side of the action, diversity jurisdiction is unavailable to try an otherwise non-federal claim.

Regardless of how the parties may characterize their presence or the action, "[s]ince diversity of citizenship is a jurisdictional requirement, the Court is always

'called upon to decide' it." *Id.* at 1021 (quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900)). No action by the parties, by waiver, consent, or stipulation, can intrude on the court's duty to assure its power to render judgment. As courts of limited jurisdiction, we must always be aware that this power emanates solely from the Constitution and Congress and "must be neither disregarded nor evaded." *Owen Equipment*, 437 U.S. at 374, 98 S.Ct. at 2403.

■ Hence, although complete diversity was present when the complaint was filed, our inquiry now focuses on whether the addition of a party plaintiff, denominated a substitution under Fed.R.Civ.P. 25(c), destroys the court's subject matter jurisdiction. At the outset, we recognize that when the matter was resolved by the district court, the circuits were divided over how to determine the citizenship of a limited partnership; the action had undergone three years of discovery; and the district court had already devoted considerable time prodding the case toward trial.[4] None of these considerations, however, can become the basis for asserting jurisdiction if, in fact, it is destroyed.

■ In its revised amendment, McMoRan asked the district court to join FMP Operating as a plaintiff under Fed.R.Civ.P. 25(c), which states:

**Transfer of Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

"Subdivision (c) of Rule 25 deals with transfers of interest during the course of the action." 3B J. Moore & J. Kennedy,

---

3. McMoRan is the managing general partner, and Freeport–McMoRan is the special general partner of FMP Operating.

4. For example, one of the issues on appeal is the court's refusal to permit KN to add witnesses

and exhibits shortly before the November trial. The court denied the motion on the grounds that additional time would then be necessary for plaintiffs to respond and a continuance might be necessary.

*Moore's Federal Practice* § 25.08, at 25–77 to 25–78 (1987). It presupposes that the *substituted* person was a party to the pending action but no longer maintains the same interest in the outcome as the substituting party. Because Rule 25(c) is procedural, if diversity jurisdiction was established at the time the complaint was filed, the substitution of a nondiverse party to carry on the lawsuit will not affect the court's jurisdiction. Underlying the rule is the desire to preserve the adjudication for the real party in interest in the matter.[5]

However, in this case, FMP Operating was not substituted for McMoRan. The district court made no findings under rule 25(c) either to accept the substitution or to permit, in its discretion, the transferor, McMoRan, to continue in the action. Indeed, McMoRan remained in the litigation as an active participant and prosecutes this appeal. Although McMoRan transferred or assigned its interest in the subject contract to FMP Operating, its continuing presence in the action undermines its argument that the policy underlying Fed.R. Civ.P. 25(c) can be called upon to maintain the court's diversity jurisdiction.

Instead, FMP Operating was *added* as a party plaintiff. McMoRan transferred its interest in the lawsuit because FMP Operating was the real party in interest to the outcome of the litigation. The pretrial order framing the parties, issues, and relief states that FMP Operating succeeded to the producing properties and gas purchase contract upon which the lawsuit was based. The relief requested was damages for breach of that contract and a declaration of the means to determine the price to be paid for the gas sold under the contract. Given these facts, *Carden* establishes that FMP Operating's addition as the real party in interest destroys the district court's diversity jurisdiction.

■ Moreover, McMoRan cannot be rescued by the doctrine of ancillary jurisdiction on which the district court relied to proceed with the action. Although the district court believed the additional party plaintiff's presence could be moored to this concept and the original action heard, the court's conclusion was in error. The jurisdiction the district court exercised over FMP Operating was not an incident to the principal action; it was the principal action. As the Court has clarified,

> ancillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court. A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims ... since it is he who has chosen the *federal* rather than the state forum and must thus accept its limitations.

*Owen Equipment,* 437 U.S. at 376, 98 S.Ct. at 2404. Although the court's exercise of ancillary jurisdiction is within its discretion, "we should be cautious about using elastic and ill-defined notions of ancillary jurisdiction—a concept not mentioned in Article III—to expand our jurisdiction." *American Nat. Bank & Trust Co.,* 750 F.2d at 581. Because McMoRan chose the federal forum to decide its state law claim, it must be bound by its limitations.

Although considerations of efficiency and judicial economy often inject some flexibility into the otherwise rigid bounds of the rule of complete diversity, these concerns do not alone control. Based on the record before us, FMP Operating failed to establish that it possessed the requisite citizenship to permit the court to proceed to hear the matter. The district court erred in permitting McMoRan to amend the complaint to add a nondiverse plaintiff on the ground that its ancillary jurisdiction could overcome this essential defect. The judgment is therefore REVERSED with directions to dismiss the complaint for lack of jurisdiction over the subject matter.

---

5. In contrast, when a transfer of interests occurs prior to the institution of an action, Fed.R. Civ.P. 17 provides that the action shall be prosecuted in the name of the real party in interest.