**TM MARKETING, INC., Plaintiff,**

**v.**

**ART & ANTIQUES ASSOCIATES, L.P., Defendant.**

**Civ. A. No. 92–1889 (AJL).**

United States District Court, D. New Jersey.

Sept. 14, 1992.

Lynn F. Miller, Miller & Littman, P.A., New Brunswick, N.J., for plaintiff.

Steven R. Klein, Cole, Schotz, Bernstein, Meisel & Forman, Hackensack, N.J., Gary J. Mennitt, Cadwalader, Wickersham & Taft, New York City, for defendant.

## OPINION

LECHNER, District Judge.

Currently before the court is the motion of plaintiff TM Marketing, Inc. ("TM Marketing") to confirm an arbitration award (the "Award") in favor of TM Marketing, and to direct that judgment be entered requiring defendant Art & Antiques Associates, L.P. ("A & A Associates") to pay all amounts due under the Award and to pay attorneys' fees and costs incurred by TM Marketing in bringing this motion.[1]

Jurisdiction is alleged pursuant to Section 9 of the United States Arbitration Act (the "Arbitration Act"), 9 U.S.C. §§ 1 *et seq.* For the reasons that follow, this action is dismissed for lack of subject matter jurisdiction.

## FACTS

TM Marketing is a New Jersey corporation with its principal place of business in Hackensack, New Jersey. Petition, ¶¶ 1–2; Moving Brief at 2. A & A Associates, now a defunct entity,[2] was a New York limited partnership with offices in New York City, New York. Petition, ¶ 3; Moving Brief at 2; Mennitt Aff., ¶ 5. A & A Associates was the publisher of a magazine entitled *Art & Antiques.* Petition, ¶ 3. The general partner of A & A Associates was Mutual Benefit Financial Service Management Company, Inc. ("MBFSMC"), a New Jersey corporation. *Id.* ¶ 4; Moving Brief at 2. The owner of A & A Associates was Mutual Benefit Life Insurance Company ("MBL").[3] Mennitt Aff., ¶ 6.

On 16 August 1989, TM Marketing and A & A Associates entered into a contract (the "Contract") for the publication of a physician's edition of *Art & Antiques* magazine. Petition, ¶ 5; Moving Brief at 2. The Contract required the parties to submit to arbitration any differences arising from performance of the Contract.[4] Petition, ¶ 5; Mennitt Aff., Ex. B at 11 (copy of Contract and arbitration clause). The arbitration clause stated that the prevailing party would be entitled to reimbursement of costs, including attorneys' fees, incurred in connection with arbitration. Mennitt Aff., Ex. B at 11.

In 1990, a dispute concerning the terms of the Contract arose between the parties. Moving Brief at 2. Pursuant to the Contract, TM Marketing demanded arbitration on 31 October 1990. Petition, ¶ 6. The parties thereafter entered into arbitration (the "Arbitration") with a mutually-selected arbitrator (the "Arbitrator") under the aegis of the American Arbitration Association (the "AAA"). *Id.,* ¶¶ 6–7.

---

1. TM Marketing has submitted the following in support of its motion: Plaintiff's Memorandum of Law (the "Moving Brief"), Verified Petition of Lynn F. Miller, Esq. (the "Petition"), Verification of Thomas Maloof, dated 12 August 1992 and Letter Reply Brief in Support of Motion to Confirm, dated 14 August 1992 (the "Reply Brief").

 A & A Associates has submitted the following in opposition to the TM Marketing motion: Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Confirm Arbitration Award (the "Opp. Brief") and Affidavit of Gary J. Mennitt, Esq. in Opposition to Plaintiff's Motion to Confirm (the "Mennitt Aff.").

2. On 27 January 1992, A & A Associates was dissolved. Mennitt Aff., ¶ 5. Subsequently, its assets have been liquidated and none remain. *Id.,* ¶¶ 5–6; Opp. Brief at 2. Creditors of A & A Associates have been paid a total of forty-eight

cents on the dollar. Mennitt Aff., ¶ 5; Opp. Brief at 2.

3. MBL is currently in rehabilitation proceedings in Chancery Court, Mercer County, New Jersey. Mennitt Aff., ¶ 6; Opp. Brief at 3.

4. Specifically, the Arbitration clause states:

 Section 8.10. *Arbitration.* The parties agree that any claim of breach of this Agreement will be submitted to arbitration in the City of New York in accordance with expedited procedures of the Commercial Arbitration Rules of the American Arbitration Association; and judgment upon the award rendered may be entered in any court having jurisdiction thereof. The prevailing party shall be entitled to reimbursement of all costs and expenses, including attorneys' fees reasonably incurred in connection with such arbitration.
 Mennitt Aff., Ex. B at 11.

On 6 September 1991, the Arbitrator rendered the Award in favor of TM Marketing. *Id.*, ¶ 8, Ex. A (Award of Arbitrator, dated 6 September 1992). Under the Award, A & A Associates was required to pay seventy-one thousand seven hundred eighty-nine dollars to TM Marketing. *Id.* In addition, A & A Associates was required to pay five hundred dollars to compensate the Arbitrator and nine hundred five dollars to satisfy its share of the AAA's administrative fee and expenses. *Id.* Payment of the Award was required within thirty days. *Id.*, Ex. A.

On 10 October 1991, TM Marketing requested a modification of the Award to include interest and attorneys' fees and costs incurred by TM Marketing in the Arbitration. Mennitt Aff., ¶ 3, Ex. A (Arbitrator's Disposition of Application for Modification of Award of Arbitration, dated 7 November 1991). The Arbitrator denied the request for modification on 7 November 1991. *Id.;* Opp. Brief at 2. On 20 November 1991, TM Marketing commenced a second arbitration to recover the attorneys' fees and costs denied by the Arbitrator. Mennitt Aff., ¶ 4, Ex. B (TM Marketing's Demand For Arbitration dated 20 November 1991); Opp. Brief at 2. This second arbitration is currently pending before a second arbitrator. Mennitt Aff., ¶ 4; Opp. Brief at 2.

On 10 July 1992, TM Marketing filed this motion to confirm the Award. Petition at 3. TM Marketing alleges that, "despite due demand," A & A Associates has failed to pay the amount owed under the Award. *Id.*, ¶¶ 9–10; Moving Brief at 2. TM Marketing contends that failure to comply with the Award violates the arbitration clause embodied in the Contract. Petition, ¶ 10. TM Marketing seeks to have judgment entered against A & A Associates, directing A & A Associates to pay all amounts due under the Award, as well as the attorneys' fees and costs incurred by TM Marketing in bringing this motion.[5] *Id.* at 3.

In response, A & A Associates neither objects to the confirmation of the Award, nor denies that it has failed to pay the Award. Mennitt Aff., ¶¶ 2, 6; Opp. Brief at 1. A & A Associates does object, however, to the request of TM Marketing for attorneys' fees and costs, as well as to a provision in Proposed Judgment submitted by TM Marketing ordering judgment to be paid within ten days of entry.[6] Mennitt Aff., ¶¶ 2, 6; Opp. Brief at 1–2.

## DISCUSSION

TM Marketing argues that subject matter jurisdiction exists in this action. Petition, ¶ 1. TM Marketing states: "This Petition to confirm [the A]ward is made pursuant to the [Arbitration Act] and the jurisdiction of this court is based upon the Act." *Id.* A & A Associates does not contest the existence of subject matter jurisdiction.

### A. Subject Matter Jurisdiction

■ The Constitution does not permit federal courts to adjudicate cases which do not fall within the jurisdiction conferred by Article III of the United States Constitution and by Congress. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 359, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298 (1989) [hereinafter *"NOPSI"*]; *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 372, 98 S.Ct. 2396, 2401, 57 L.Ed.2d 274 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary is affirmatively shown. *Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991); *Stock West, Inc. v. Confederated Tribes of Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir.1989); *Commodity Futures Trading*

---

5. TM Marketing does not seek reimbursement for costs or attorneys' fees incurred in bringing the original Arbitration. Reply Brief at 2–3.

6. Neither the Moving Brief nor the Petition request that judgment be entered directing A & A Associates to pay the Award, costs and attorneys' fees within ten days. The Proposed Judgment submitted by TM Marketing, however, states: "IT IS FURTHER ORDERED, that [A & A Associates] shall pay the specified sums to plaintiff within ten (10) days of the entry of this judgment, and shall pay attorneys [sic] fees and costs of this proceeding to plaintiff within the same time period." Proposed Judgment at 2. It is to this provision that A & A Associates objects.

*Comm'n v. Nahas,* 738 F.2d 487, 492 n. 9 (D.C.Cir.1984).

■ A federal court must, at the outset, determine whether jurisdiction exists before proceeding to the merits; a duty exists to raise the issue sua sponte when the parties have not raised it themselves. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Employers Ins. of Wausau v. Crown Cork & Seal Co.,* 905 F.2d 42, 45 (3d Cir.1990); *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n,* 657 F.2d 29, 36 (3d Cir.1981); *see also Thomas v. Basham,* 931 F.2d 521, 522–23 (8th Cir.1991); *A.G. Edwards & Sons, Inc. v. Public Bldg. Comm'n,* 921 F.2d 118, 120–21 n. 2 (7th Cir.1990); *Haamid v. United States Postal Serv.,* 754 F.Supp. 54, 55 (E.D.Pa.1991); *McDonough v. Blue Cross of Northeastern Pennsylvania,* 131 F.R.D. 467, 469 (W.D.Pa.1990).

■ As a corollary to this rule, parties can neither waive nor consent to subject matter jurisdiction when it does not exist. *In re Wolverine Radio Co.,* 930 F.2d 1132, 1137–38 (6th Cir.1991); *Jader v. Principal Mut. Life Ins. Co.,* 925 F.2d 1075, 1077 (8th Cir.1991); *AAMCO Transmissions, Inc. v. Smith,* 756 F.Supp. 225, 228 (E.D.Pa.1991); *Pennsylvania, Dep't of Pub. Welfare v. United States H.H.S.,* 729 F.Supp. 1518, 1522 (W.D.Pa.1990), *aff'd,* 915 F.2d 1559 (3d Cir.1990); *see also Bauxites,* 456 U.S. at 702, 102 S.Ct. at 2104 (no action of parties can confer subject matter jurisdiction upon a federal court).

■ When it becomes apparent that subject matter jurisdiction is lacking, the court must dismiss the action regardless of the stage of the litigation. Fed.R.Civ.P. 12(h)(3); *Trent Realty,* 657 F.2d at 36; *Carney v. Dexter Shoe Co.,* 701 F.Supp. 1093, 1100 (D.N.J.1988) (citing *Cameron v.*

*Hodges,* 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888)); *see also Penteco Corp.,* 929 F.2d at 1521; *Randazzo v. Eagle–Picher Indus., Inc.,* 117 F.R.D. 557, 558 (E.D.Pa. 1987).

■ Generally, there are three bases for federal subject matter jurisdiction: (1) jurisdiction under a specific statutory grant, (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Klein v. Drexel Burnham Lambert, Inc.,* 737 F.Supp. 319, 321 (E.D.Pa.1990). As explained below, none of these bases apply in the case at bar.

**B.** *Section 9 of the Arbitration Act as a Specific Statutory Grant of Jurisdiction*

Section 9 of the Arbitration Act states: If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made....[7]

9 U.S.C. § 9.

■ Despite this language, courts have uniformly held that neither the Arbitration Act as a whole nor Section 9 by itself confer subject matter jurisdiction on a federal court. *See General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 969 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982); *Cas-*

---

**7.** Assuming *in arguendo* that federal jurisdiction is proper, it is questionable whether venue properly lies in this district. The Contract does not identify a specific court for the purposes of confirming the Award. *See supra* note 4. Where no court is specified in the arbitration agreement, Section 9 of the Act provides that an

"application [to confirm] may be made to the United States Court in and for the district within which such award was made." 9 U.S.C. § 9. Here, the Award was made in New York City, not New Jersey. Petition, Ex. A; Mennitt Aff., Ex. B at 11. Venue, therefore, appears to be appropriate elsewhere.

*telan v. M/V MERCANTIL PARATI,* No. 91–1351, 1991 WL 83129 *5 n. 3, 1991 U.S. Dist. LEXIS 6472 *13–14 n. 3 (D.N.J. 8 May 1991); *Klein,* 737 F.Supp. at 322; *Quick & Reilly, Inc. v. Saglio,* 717 F.Supp. 822, 824 (S.D.Fla.1989); *Higgins v. United States Postal Serv.,* 655 F.Supp. 739, 741 (D.Me. 1987); *Litton RCS, Inc. v. Pennsylvania Tpk. Comm'n,* 376 F.Supp. 579, 585 (E.D.Pa.1974), *aff'd,* 511 F.2d 1394 (3d Cir. 1975); *see also Dorn v. Dorn's Transp., Inc.,* 562 F.Supp. 822, 824 (S.D.N.Y.1983) (listing additional cases); *Hughes–Bechtol, Inc. v. West Virginia Bd. of Regents,* 527 F.Supp. 1366, 1378 (S.D.Ohio 1981) (listing additional cases), *aff'd,* 737 F.2d 540 (6th Cir.), *cert. denied,* 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984).

Under the Arbitration Act, "federal jurisdiction is available only if otherwise available through some independent source such as 28 U.S.C. Section 1331 or Section 1332." *Quick & Reilly,* 717 F.Supp. at 824; *see also Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas Corp.,* 797 F.2d 238, 240 (5th Cir.1986); *Ballantine Books, Inc. v. Capital Distributing Co.,* 302 F.2d 17, 19 (2d Cir.1962); *JDC (America) Corp. v. Amerifirst Florida Trust Co.,* 736 F.Supp. 1121, 1123 (S.D.Fla.1990); *Pennsylvania Eng. Corp. v. Islip Resource Recovery Agency,* 710 F.Supp. 456, 460 (E.D.N.Y.1989); *People Express Pilot Merger Comm. v. Texas Air Corp.,* No. 87–1155, 1987 WL 18450 *1, U.S.Dist. LEXIS 9293 *3–4 (D.N.J. 14 Oct. 1987); *Dorn,* 562 F.Supp. at 824; *New Process Steel Corp. v. Titan Indus. Corp.,* 555 F.Supp. 1018, 1020

(S.D.Tex.1983); *see also General Atomic Co.,* 655 F.2d at 969 (listing additional cases). As the court stated in *General Atomic Co.:*

> Section 9 does not contain language common to jurisdictional grants, and to require independent jurisdictional grounds under other sections and not under Section 9 renders the Act a "patchwork of individual statutes bereft of any coherent plan." Thus, the provisions of the Act apply to actions which have an independent jurisdictional basis.

655 F.2d at 970 (citing 13 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3569 at 467–70 (1975)).

Despite the contention of TM Marketing that jurisdiction "is based upon the [Arbitration] Act," the Arbitration Act does not provide a specific statutory grant of jurisdiction to support this action.[8]

### C. *Federal Question Jurisdiction*

Pursuant to 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* This is commonly known as federal question jurisdiction.[9]

The Supreme Court has established certain guidelines in determining whether federal question jurisdiction exists in a case. First, a federal right or immunity creates a federal question only where it is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bk.,* 299 U.S. 109, 112, 57 S.Ct. 96, 97,

---

8. Certain federal jurisdictional statutes have been found to be sufficiently broad in their jurisdictional grants to provide an independent basis for claims subsumed in an arbitration petition. *Klein,* 737 F.Supp. at 321 n. 5. These statutes include: (1) Section 301 of the Labor Management Act, 29 U.S.C. § 185, in cases involving the arbitration of matters between employers and labor unions, *see Exxon Shipping Co. v. Exxon Seamen's Union,* 788 F.Supp. 829, 830 (D.N.J.1992); *Gulf & Western Mfg. Co. v. United Steelworkers of Am., Dist. No. 9,* 694 F.Supp. 38, 39 & n. 1 (D.N.J.), *aff'd,* 860 F.2d 1074 (3d Cir.1988), (2) 28 U.S.C. § 1333, in cases involving the arbitration of admiralty matters, *see Prudential Lines, Inc. v. Exxon Corp.,* 704 F.2d 59, 60 (2d Cir.1983); *Castelan,* 1991 WL 83129 at *5 n. 3, 1991 U.S.Dist. LEXIS at *13–14

n. 3; *Mobil Petrochemical Sales & Supply Corp. v. M/T Brimanger,* 711 F.Supp. 131, 132 (S.D.N.Y.1989); *Drexel Burnham Lambert, Inc. v. Bock,* 696 F.Supp. 957, 960 (S.D.N.Y.1988), and (3) the Railway Labor Act, 45 U.S.C. § 152, *see People Express,* 1987 WL 18450 at *2–3, 1987 U.S.Dist. 9293 at *3–5, 15. None of these statutes apply in this case.

9. The "arising under" language of section 1331 has also been held to include civil actions requiring the application of federal common law. *Illinois v. Milwaukee,* 406 U.S. 91, 98–100, 92 S.Ct. 1385, 1390, 31 L.Ed.2d 712 (1972); *Northeast Dep't ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147, 154 (3d Cir.1985).

81 L.Ed. 70 (1936); *accord United Jersey Bks. v. Parell*, 783 F.2d 360, 365 (3d Cir.), *cert. denied sub nom., First Fidelity Bancorporation v. Parell*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986); *New Jersey State AFL–CIO v. New Jersey*, 747 F.2d 891, 892 (3d. Cir.1984).

■ As a result, the mere implication or existence of federal law does not automatically confer federal question jurisdiction. *Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1033 (3d Cir.1988); *Carrington v. RCA Global Communications, Inc.*, 762 F.Supp. 632, 636 (D.N.J.1991); *see also Goldsmith v. Baltimore*, 845 F.2d 61, 64 (4th Cir.1988); *Beers v. North Am. Van Lines, Inc.*, 836 F.2d 910, 913 (5th Cir. 1988); *Greenfield & Montague Transp. Area v. Donovan*, 758 F.2d 22, 26 (1st Cir.1985).

■ A federal right or immunity constitutes an essential element of the plaintiff's case only if it appears upon the face of the plaintiff's well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974); *Gully*, 299 U.S. at 113, 57 S.Ct. at 98; *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). In other words, the presence or absence of federal question jurisdiction " 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' " *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924 (1989) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914)); *see also Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir.1990); *Vail v. Pan Am Corp.*, 752

F.Supp. 648, 655 (D.N.J.1990); *Glass Molders, etc. v. Wickes Cos.*, 707 F.Supp. 174, 177 (D.N.J.1989). As noted recently by the Circuit, "[t]he well pleaded complaint rule is alive and well...." *Railway Labor Executives Ass'n v. Pittsburgh & L.E.R. Co.*, 858 F.2d 936, 941 (3d Cir.1988).

■ There is no question that the Arbitration Act creates a body of federal substantive law. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983). Nor is there any question that, in seeking confirmation of the Award, TM Marketing plainly invokes the Arbitration Act on the face of its Petition. Petition, ¶¶ 1, 10. Nevertheless, it well established that the Arbitration Act cannot alone confer federal question jurisdiction. As the Supreme Court has stated:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, *yet it does not create any independent federal-question jurisdiction* under 28 U.S.C. § 1331.... [10]

*Moses H. Cone*, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32 (emphasis added); *see also Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9 (1984); *China Resource Prods., Ltd. v. Fayda Int'l, Inc.*, 747 F.Supp. 1101, 1102 n. 1 (D.Del.1990); *Klein*, 737 F.Supp. at 322–25; *JDC*, 736 F.Supp. at 1123 & n. 4; *Ness v. Dean Witter Reynolds, Inc.*, 677 F.Supp. 861, 865 (D.S.C.1987); *Higgins*, 655 F.Supp. at 741; *Dorn*, 562 F.Supp. at 824–25; *Hughes–Bechtol*, 527 F.Supp. at 1378.

No federal question exists to support subject matter jurisdiction in this action. The Arbitration Act neither provides federal question jurisdiction nor does the face of TM Marketing's Petition indicate the existence of any other federal question. Had TM Marketing litigated, rather than arbi-

---

**10.** The Supreme Court has recognized that, by not allowing the Arbitration Act to provide either a specific statutory grant of subject matter jurisdiction or federal question jurisdiction, "enforcement of the [Arbitration] Act is left in large part to the state courts." *Moses H. Cone,* 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32; *see also JDC,* 736 F.Supp. at 1123 (stating that this allocation is "necessary to advance the federal policy of liberally favoring arbitration").

trated, its dispute with A & A Associates, this suit would have complained of A & A Associates' failure to abide by the terms of the Contract. Moving Brief at 2; Petition, ¶ 5. The suit, therefore, would have been grounded upon contract rights protected by state law and not upon any rights created or protected by the United States Constitution, laws or treaties. 28 U.S.C. § 1331.

Because the underlying dispute would not have been within federal question jurisdiction, and because the Arbitration Act alone cannot confer federal question jurisdiction, it follows that this Motion to confirm the Award is also outside the jurisdictional grant of 28 U.S.C. § 1331.

### D. *Diversity Jurisdiction*

 The federal courts have original jurisdiction over cases in which complete diversity exists, pursuant to 28 U.S.C. § 1332.[11] *Id.; Carden v. Arkoma Assoc.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1990) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)); *Inventive Music, Ltd. v. Cohen,* 564 F.Supp. 914, 919 (D.N.J.1982). Complete diversity exists when the parties "on one side of the controversy are citizens of different states from all the parties on the other side." [12] *North Brook Nat'l. Fire Ins. v. Brewer,* 493 U.S. 6, 18 n. 5, 110 S.Ct. 297, 304 n. 5, 107 L.Ed.2d 223 (1989); *Indianapolis v. Chase Nat'l Bk.,* 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 *reh'g de-*

*nied,* 314 U.S. 714, 62 S.Ct. 355, 356, 86 L.Ed. 569 (1941); *Employers Ins. of Wausau,* 905 F.2d at 45 (same); *see also* 28 U.S.C. § 1332(a).

In cases where a corporation is a party, the corporation is deemed to be a citizen of two states: the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *United Steelworkers of Am. v. R.H. Bouligny, Inc.,* 382 U.S. 145, 152, 86 S.Ct. 272, 275, 15 L.Ed.2d 217 (1965); *Murray v. Commercial Union Ins. Co.,* 782 F.2d 432, 433 (3d Cir.1986).

In contrast, a partnership is deemed to be a citizen of each state in which one of its partners is domiciled. *Carden,* 494 U.S. at 194–95, 110 S.Ct. at 1021; *Great So. Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842 (1900); *Knop v. McMahan,* 872 F.2d 1132, 1137 n. 11 (3d Cir.1989); *see also Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 69 (2d Cir.1990); *McMoran Oil & Gas Co. v. KN Energy, Inc.,* 907 F.2d 1022, 1024 (10th Cir.1990), *rev'd on other grounds,* ── U.S. ──, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991); *900 3rd Ave. Assoc. v. Finkielstain,* 758 F.Supp. 928, 931 (S.D.N.Y.1991). Recently, in *Carden v. Arkoma Associates,* the Supreme Court reaffirmed this rule when it held that diversity determinations cannot be based solely on the citizenship of general partners, but must consider the citizenship of limited partners as well.[13] 494 U.S. at 194–95, 110 S.Ct. at 1021.

---

**11.** Section 1332 provides in relevant part:

 (a) The district courts shall have original jurisdiction of all civil actions where the matter exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
 (1) citizens of different States;
 (2) citizens of a State and citizens or subjects of a foreign state;
 (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
 (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or different States.
28 U.S.C. § 1332(a).

**12.** The Circuit has stated:

 The parties' determination of their alignment cannot confer jurisdiction upon the court. Although the pleadings are relevant, it is the

court's duty to "look beyond the pleadings and arrange the parties according to their sides." *Employers Ins. of Wausau,* 905 F.2d at 45 (quoting *Dawson v. Columbia Ave. Sav. Fund,* 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905)).

**13.** Prior to *Carden,* courts were divided as to whether the citizenship of limited partners affected determinations of diversity. *Compare SHR Ltd. Partnership v. Braun,* 888 F.2d 455, 456–58 (6th Cir.1989) (citizenship of limited partners matters for diversity); *F. & H.R. Farman–Farmaian Consult. Eng. Firm v. Harva Eng. Co.,* 882 F.2d 281, 284 (7th Cir.1989) (same); *Weltman v. Silna,* 879 F.2d 425, 427 (8th Cir.1989) (same); *Knop,* 872 F.2d at 1137 n. 11 (3d Cir.) (same); *New York State Teachers Retirement Sys. v. Kalkus,* 764 F.2d 1015, 1018–19 (4th Cir.1985) (same) *with Arkoma Assoc. v. Carden,* 874 F.2d 226, 228–29 (5th Cir.1988) (cit-

█ Complete diversity does not exist in this action. TM Marketing is a New Jersey corporation with its principal place of business in New Jersey. Petition, ¶¶ 1–2. Although A & A Associates is a New York partnership (*id.*, ¶ 3), its citizenship for diversity purposes must be measured by citizenship of its partners. Because the general partner of A & A Associates is MBFSMC, a New Jersey corporation (*id.*, ¶ 4; Moving Brief at 2), A & A Associates is deemed to be a citizen of New Jersey. Thus, for diversity purposes, both TM Marketing and A & A Associates are New Jersey citizens and complete diversity is lacking. This action cannot be maintained in federal court pursuant to the jurisdictional grant of 28 U.S.C. § 1332(a).

### CONCLUSION

For the reasons set forth above, this action is dismissed for lack of subject matter jurisdiction.

izenship of limited partners does not matter), *rev'd*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178, 183–84 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966); *Winn v. Seidman Fin. Servs.*, 726 F.Supp. 170, 171–72 (W.D.Mich.1989) (same); *Namco, Inc. v. Davidson,* 725 F.Supp. 1148, 1149–53 (D.Kan. 1989) (same). In contrast, courts have not disputed that the citizenship of general partners is attributed to the partnership and affects diversity determinations.