**COSTAIN COAL HOLDINGS, INCORPORATED, Plaintiff–Appellant,**

v.

**RESOURCE INVESTMENT CORPORATION, now known as Resource Option Holder, Incorporated, Defendant–Appellee.**

No. 93–1758.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1993.

Decided Feb. 4, 1994.

David V. Miller (argued), Greg A. Granger, Bowers, Harrison, Kent & Miller, Evansville, IN, for plaintiff-appellant.

Henry J. Price, Price & Barker, Indianapolis, IN, David C. Mattka (argued), Kim K. Lewis, Munsch, Hardt, Kopf, Harr & Dinan, Dallas, TX, for defendant-appellee.

Before CUMMINGS and CUDAHY, Circuit Judges, and LEINENWEBER, District Judge.[*]

CUMMINGS, Circuit Judge.

This case started with a June 1989 complaint filed in an Indiana state court by Pyro Energy Corporation against Resource Investment Corporation. According to the complaint both parties were Delaware corporations. Pyro was subsequently renamed Costain Coal Holdings, Incorporated, but remained a Delaware corporation. The suit sought a declaration that a stock option granted to Resource Investment Corporation of Delaware on April 26, 1983, was not enforceable and expired by its own terms because the right to exercise the option had terminated in February 1986.

About a month after the suit was filed, Resource Investment Corporation, a Louisiana corporation, removed the suit to the United States District Court for the Southern District of Indiana, asserting diversity of parties under 28 U.S.C. § 1332(a).

On April 30, 1990, Costain filed a motion for summary judgment[1] on the ground that defendant Resource Investment Corporation of Louisiana could not exercise an option given to Resource Investment Corporation of Delaware. This caused defendant Resource Investment Corporation of Louisiana to file

an "amended motion for leave to file an amended answer and amended counterclaim." These pleadings showed that the charter of Resource Investment Corporation of Delaware was voided on March 1, 1983, for non-payment of taxes but on May 15, 1990 was revived, under the name Resource Option Holder, Inc., retroactively restoring the company's existence as of February 28, 1983.

On January 13, 1992, the district judge granted defendant's amended motion, treating it as the functional equivalent of a motion to intervene, and thus making Resource Option Holder, Inc. of Delaware the defendant in lieu of defendant Resource Investment Corporation of Louisiana. The new defendant seeks damages due to plaintiff's alleged breach of the option. Both parties are now Delaware corporations, thus destroying diversity and requiring remand of the action to the Indiana state court where the complaint was originally filed.

Defendant urges that once diversity jurisdiction has attached it cannot be lost by subsequent events, citing *American National Bank and Trust Company of Chicago v. Bailey*, 750 F.2d 577 (7th Cir.1984), certiorari denied, 471 U.S. 1100, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985). There we stated:

> A pertinent exception [to the rule that there must be complete diversity] is that if the non-diverse party comes into the case by intervening in it, his presence will not deprive the court of jurisdiction *unless the intervenor was an indispensable party when the complaint was filed.* 750 F.2d at 582 (emphasis supplied).[2]

That is exactly what happened here because the intervenor, the newly reconstituted Delaware corporation, was an indispensable party when the complaint was filed.[3] Even defendant has recognized that by the grant of its successful amended motion the revived Delaware corporation became the defendant.

---

1. The motion for summary judgment was denied on January 13, 1992.

2. Other circuits have set out a similar rule. See *McMoRan Oil & Gas Co. v. KN Energy, Inc.*, 907 F.2d 1022, 1023 (10th Cir.1990), reversed on other grounds *sub nom., Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991); *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 672 (6th Cir.1988).

3. Although the Delaware company's charter had been temporarily voided, its charter was later revived effective February 28, 1983.

Here Costain, a Delaware corporation,[4] originally sued Resource Investment Corporation of Delaware, an indispensable party, in state court so that no diversity existed at that time. Defendant ultimately recognized that Resource of Delaware was the only entity which could have held any rights in the option pursuant to its terms. Therefore it successfully sought to have the reinstated Resource of Delaware made the defendant.

Because the district court permitted the new Resource of Delaware to become the defendant, no diversity jurisdiction exists. Therefore this cause is returned to the district court with directions to remand it to the Vanderburgh County, Indiana, Superior Court.

---

**4.** As previously noted, its name was then Pyro Energy Corporation, also incorporated in Delaware.